**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

KATIE SUE CONTRERAS, Seal F La
Gorda,
          *Defendant-Appellant.*

No. 08-50126

D.C. No.
2:06-cr-00353-
SJO-6

ORDER AND
OPINION

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted February 2, 2010*

Filed February 2, 2010

Before: Alex Kozinski, Chief Judge, A. Wallace Tashima,
Sidney R. Thomas, M. Margaret McKeown,
Johnnie B. Rawlinson, Richard R. Clifton, Jay S. Bybee,
Consuelo M. Callahan, Carlos T. Bea, Milan D. Smith, Jr.
and Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

## COUNSEL

Thomas P. O'Brien, United States Attorney, Los Angeles, California; George S. Cardona, Acting United States Attorney, Los Angeles, California; Christine C. Ewell, Daniel B. Levin and Michael J. Stern, Assistant United States Attorneys, Los Angeles, California, for plaintiff-appellee the United States of America.

Thomas W. Kielty, Los Angeles, California, for defendant-appellant Katie Sue Contreras.

## ORDER

KOZINSKI, Chief Judge:

Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit

Rule 35-3. The case is submitted without oral argument. *See* Fed. R. App. P. 34(a)(2).

---

## OPINION

PER CURIAM:

We adopt as our own the three-judge panel's opinion in *United States* v. *Contreras*, 581 F.3d 1163 (9th Cir. 2009), except that we do not agree that the three-judge panel had authority to overrule cases decided after the 1993 amendment to the Guidelines. We vacate that portion of the opinion starting with "Notwithstanding *Willard* or the 1993 amendments . . ." 581 F.3d at 1167, column 1, line 1, and ending with "Equally certain . . . is the fact that," 581 F.3d at 1168, column 2, line 13, as well as the second to last paragraph, which says "We conclude that to the extent *Hill* . . . overruled by the 1993 amendments to § 3B1.3's commentary," 581 F.3d 1168-69.

We overrule *United States* v. *Peyton*, 353 F.3d 1080, 1090-91 (9th Cir. 2003); *United States* v. *Brickey*, 289 F.3d 1144, 1153-55 (9th Cir. 2002); *United States* v. *Hoskins*, 282 F.3d 772, 778-79 (9th Cir. 2002); *United States* v. *Technic Servs., Inc.*, 314 F.3d 1031, 1048-49 (9th Cir. 2002); *United States* v. *Medrano*, 241 F.3d 740, 746 (9th Cir. 2001); *United States* v. *Velez*, 185 F.3d 1048, 1051 (9th Cir. 1999); *United States* v. *Isaacson*, 155 F.3d 1083, 1084-86 (9th Cir. 1998); *United States* v. *Oplinger*, 150 F.3d 1061, 1068-70 (9th Cir. 1998); *United States* v. *Hill*, 915 F.2d 502, 506 (9th Cir. 1990), and any of our other cases, to the extent they conflict with our interpretation of U.S.S.G. § 3B1.3.

---

TASHIMA, Circuit Judge, concurring:

I concur in the judgment and all of the en banc court's opinion, except for the second sentence of the first paragraph, and write briefly to explain my position.

This case was taken en banc on the issue of whether the three-judge panel overstepped its authority in holding that *United States v. Hill*, 915 F.2d 502 (9th Cir. 1990), had been overruled by the 1993 amendment of application note 1 of U.S.S.G. § 3B1.3. *See United States v. Contreras*, 581 F.3d 1163, 1164, 1168-69 (9th Cir. 2009) ("*Contreras I*"). The three-judge panel's mode of analysis is set forth in *Contreras I*, *id.* at 1167-68. By vacating that portion of *Contreras I*, although adopting the remainder of the three-judge panel's opinion, the en banc court has disapproved of that mode of analysis. Although the reasons for its disapproval are unexpressed, presumably they are bottomed on the en banc court's reading of circuit precedent, particularly *Miller v. Gammie*, 335 F.3d 889 (9th Cir. 2003) (en banc).

I continue to abide by the three-judge panel's reading and application of circuit precedent in the circumstances of this case and adhere to that portion of my opinion in *Contreras I*. With that caveat, I join in the court's opinion.