**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50607 |
| Plaintiff - Appellee, | D.C. No. CR-03-01110-MJL |
| v. | |
| ROBERT RICHARD EVANS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Argued and Submitted December 7, 2009
Pasadena, California

Before:     REINHARDT, TROTT and WARDLAW, Circuit Judges.

Robert Richard Evans was convicted by a jury of (1) willfully attempting to

evade tax in violation of 26 U.S.C. § 7201, (2) willfully aiding and assisting in the

preparation of false income tax returns in violation of 26 U.S.C. § 7206(2), and

(3) conspiring to defraud the United States in violation of 18 U.S.C. § 371, and

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

sentenced to a total term of imprisonment of seventy-eight months. He timely

appeals. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We

affirm Evans's conviction, but vacate and remand for resentencing.

## Guilt

Evans first argues that the district court erred in instructing the jury with

respect to his defense that he had a good-faith belief that his conduct was lawful.

See Cheek v. United States, 498 U.S. 192 (1991). Although the court's instruction

suffered some of the defects identified by us in United States v. Powell, 955 F.2d

1206, 1211-12 (9th Cir. 1992), a searching examination of the record aided by both

counsel demonstrates that Evans's trial attorney waived his original objection to

the court's language. United States v. Perez, 116 F.3d 840, 845-46 & n.7 (9th Cir.

1997) (en banc) (by knowingly accepting a flawed jury instruction, counsel waives

any objection thereto). Although the government was slow to bring the issue of

waiver to our attention, we exercise our prerogative to entertain it in this case

because both sides misread the record until after oral argument. Alohacare v.

Hawaii, Dept. of Human Services, 572 F.3d 740, 744-45 (9th Cir. 2009).

In the alternative, assuming that the court's good faith instruction was

defective, we affirm nevertheless because we conclude that any instructional error

on these facts was harmless beyond a reasonable doubt. In this respect, we reject

2

Evans's assertion that the evidence against him on the disputed issue of willfulness was insufficient to support the jury's verdict. Given the evidentiary record, no reasonable juror could have concluded that he acted as he did in the good faith belief that his flagrant acts were lawful.

## New Trial

We affirm the district court's denial of Evans's motion for a new trial. The additional impeachment evidence against Matich's credibility—no matter when it came to light—was insufficient to warrant Evans's request. Matich was thoroughly impeached at trial. Moreover, he was only one of several witnesses who testified against Evans regarding the trusts and the conspiracy. Even if the jury had completely disregarded Matich's testimony, the evidence introduced through other witnesses was more than sufficient to support Evans's convictions.

## Sentencing

### A.    Calculation of Tax Loss

Evans asserts that the district court erred in its calculation of the amount of tax loss attributable to his conduct. We disagree. The district court's factual determination that the O'Brien Group's tax loss was foreseeable to Evans is fully supported by the record. United States v. Bishop, 291 F.3d 1100, 1115 (9th Cir. 2002). See U.S.S.G. §§ 1B1.3(a)(1)(B), 2T1.1 cmt. n.2.

**B. Position of Trust Enhancement**

In calculating the Sentencing Guideline range for Evans, the district court applied a two-level enhancement for abuse of trust under U.S.S.G. § 3B1.3. Evans argues that this was error because the abuse of trust enhancement can only be applied when the defendant has abused a position of trust with the victim of his charged offense conduct.

Because Evans did not raise this argument before the district court, we review for plain error. See United States v. Rodriguez-Lara, 421 F.3d 932, 948 (9th Cir. 2005).

Section 3B1.3 provides that the enhancement applies if the defendant "abused a position of public or private trust." U.S.S.G. § 3B1.3. "To support the abuse of trust enhancement, 'a position of trust . . . must be established from the perspective of the victim.'" United States v. Technic Servs., Inc., 314 F.3d 1031, 1048 (9th Cir. 2002), overruled on other grounds by United States v. Contreras, ___ F.3d ___, No. 08-50126, Slip Op. at 1875, 2010 WL 348004 (9th Cir. Feb. 2, 2010) (en banc) (per curiam) (alteration in original) (citation omitted).

The district court erred in applying the position of trust enhancement because the victim in this case is the government and Evans was not in a position of trust from the perspective of the government. Because the application of this

enhancement was clearly contrary to the law at the time of sentencing, the error was plain.

Evans argues that the error affected his substantial rights because the error resulted in the district court's application of a two-level increase in the offense level that may not have otherwise been applicable. We agree.

In sentencing Evans, the district court stated that it was granting a downward departure of six levels, from an offense level of 32 (with a sentencing guideline range of 121 to 151 months) to an offense level of 26 (with a sentencing guideline range of 63 to 78 months). The district court cited the factors of Evans's age (at the time of sentencing, Evans was seventy years old); the fact that Evans did not benefit from his criminal activity; the fact that in some cases, some of the people were complicit; and the fact that O'Brien "was the primary mover in this case." The district court then stated that its departure was based on 18 U.S.C. § 3553(a) factors, and sentenced Evans to 78 months of imprisonment.

Despite the district court's use of the word "departure," it appears that the district court was not departing from the advisory sentencing guidelines range, but instead was imposing a sentence that varied from the guidelines range based on its consideration of the § 3553(a) factors. It is not clear from the record whether the district court granted a six-level variance because it determined that a sentence of

5

seventy-eight months was appropriate notwithstanding the guidelines range, or whether, instead, the district court would have granted a six level variance from the advisory guidelines range even if the guidelines range had been lower, i.e., if the position of trust enhancement had not been applied.

Under these circumstances, we hold that the application of the position of trust enhancement was error, that the error was plain, and that the error affected Evans's substantial rights. See United States v. Armstead, 552 F.3d 769, 785 (9th Cir. 2008) (holding that an error in guideline calculation seriously affected the defendant's substantial rights because the starting point for consideration of § 3553(a) factors was five months higher than it should have been). We also conclude that the error seriously affected the fairness, integrity, or public reputation of judicial proceedings because, had the district court correctly applied the sentencing guidelines, given Evans's age and lack of a criminal history, the district court may have sentenced him to a lesser sentence. In any event, our remand will give the district judge an opportunity to consider those matters again, along with the fact that Evans is now 73 years old and has already served almost three and a half years in prison for his offense.

AFFIRMED; SENTENCE VACATED and REMANDED.