FILED

**NOT FOR PUBLICATION**

JUL 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50615 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-00796-ABC-1 |
| v. | |
| RICHARD V. NGUYEN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted June 8, 2010
Pasadena, California

Before:    TROTT and W. FLETCHER, Circuit Judges, and BREYER,
District Judge.[**]

Defendant-Appellant Richard Nguyen challenges his fifteen-month prison

sentence on the ground that the district court erroneously applied a two-level

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

enhancement for "Abuse of Position of Trust," *see* U.S.S.G. § 3B1.3, in arriving at that sentence. We disagree and therefore AFFIRM.

Section 3B1.3 of the Sentencing Guidelines provides that a defendant's offense level should be increased by two levels "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. The "decisive factor" in determining whether the defendant holds a "position of trust" is whether the position is characterized by "professional or managerial discretion." *United States v. Contreras*, 581 F.3d 1163, 1165-66 (9th Cir. 2009), *adopted in relevant part by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2009) (en banc).[1]

Application note 3 to § 3B1.3 provides additional guidance on the enhancement's application.[2] It states:

___

[1] A district court's determination that a defendant occupied a position of trust is reviewed *de novo*. *See United States v. Contreras*, 581 F.3d 1163, 1164 (9th Cir. 2009). Any factual findings that the court made in arriving at that determination are reviewed for clear error. *See United States v. Riley*, 335 F.3d 919, 925 (9th Cir. 2003).

[2] "Application notes . . . are treated as authoritative interpretations of the Sentencing Guidelines, unless they violate the Constitution or a federal statute or are inconsistent with, or a plainly erroneous reading of, the Guideline they are meant to interpret." *Contreras*, 581 F.3d at 1165 n.3 (internal quotation marks omitted).

This enhancement also applies in a case in which the defendant provides sufficient indicia to the victim that the defendant legitimately holds a position of private or public trust when, in fact, the defendant does not. For example, the enhancement applies in the case of a defendant who (A) perpetrates a financial fraud by leading an investor to believe the defendant is a legitimate investment broker . . . .

U.S.S.G. § 3B1.3 cmt. n.3 (2005).

In order for § 3B1.3 to apply, then, Nguyen must have (1) purported to hold a position characterized by "professional or managerial discretion" and (2) provided his victim with "sufficient indicia" that he legitimately held such a position. Both of these criteria are met here.

With respect to the first, Nguyen held himself out as a mutual fund manager/investment advisor who had broad discretion to choose investment opportunities on behalf of his clients. *See United States v. Davuluri*, 239 F.3d 902, 909 (7th Cir. 2001) (affirming application of enhancement to investment advisor who had "broad discretion to [invest] on behalf of the victim"). On his website, www.bhshfunds.com, Nguyen offered for sale shares in two fictitious investment funds, the M-1 and T-1 funds. He advertised these funds as "combin[ing] the best of both active and passive portfolio management" and as "invest[ing] . . . in the shares of a limited number of companies." He also stated: "Founded in 1995, Buyhigh.net – Buyhigh.org – Buyhigh.biz [websites affiliated with

3

bhshfunds.com] provide[] stock picking services to individuals and institutions. Our trading strategies bring an average of nearly three decades of trading experience and perspective when servicing clients of the Firm."

These statements make clear that what Nguyen was offering for sale was access to his "trading experience and perspective" and his ability to identify those "limited number of companies" that would provide the highest return on investment. It is true, as Nguyen maintains, that he was purporting to sell shares in specific investments, the T-1 and M-1 funds. But, critically, those funds were advertised as being owned and operated by Nguyen. They were, as a result, merely the vehicle through which Nguyen exercised his professional discretion to invest on behalf of his clients. In short, Nguyen held himself out as a mutual fund manager; that position is one typically characterized by professional discretion. *See Contreras*, 581 F.3d at 1165-66.

Nguyen's website also provided his victims with "sufficient indicia" that he legitimately held the position as mutual fund manager. The website contained professional-looking graphics and other features (such as a button labeled "Click to talk to me") that signaled that the mutual funds being offered were reputable. In addition, the site informed potential investors that Nguyen and his company had "nearly three decades of trading experience" and that the specific funds were

4

founded in 1995. This purported investment experience provided investors with a further indication that Nguyen was a legitimate fund manager.

In sum, because Nguyen's purported role as a mutual fund manager/investor advisor is a position characterized by "professional and managerial discretion" and because his website provided his victims with "sufficient indicia" that he legitimately held that role, the district court did not err in applying the "Position of Trust" enhancement.

**AFFIRMED.**