**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30316 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00011-SEH-1 |
| v. | |
| ALEX CHARLES GOOD RIDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted June 29, 2010[**]

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Charles Alex Good Rider appeals from the 24-month sentence imposed

following his guilty-plea conviction for conspiracy to commit theft and theft from

an Indian Tribal Organization, in violation of 18 U.S.C. §§ 371 and 1163. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

Good Rider contends that the district court erred by applying sentence enhancements pursuant to U.S.S.G. §§ 3B1.1(a) and 3B1.3. While acknowledging that he may be more culpable than some of his co-conspirators, Good Rider argues that he was not a leader or organizer of the criminal enterprise for purposes of U.S.S.G. § 3B1.1(a). Good Rider further contends that his position as a low-level staff employee at the Blackfeet Tribal Credit Department was not a position of trust, and thus that the district court improperly applied the abuse of trust enhancement under U.S.S.G. § 3B1.3. We review "the district court's interpretation of the Sentencing Guidelines *de novo* . . . and the district court's factual findings for clear error." *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005)

As Good Rider recruited fake borrowers into a fraudulent loan scheme, acquired a greater share of profits, and was instrumental in stealing checks, forging checks, and destroying evidence of fraudulent loans, his admitted behavior comports with Application Note 4 to U.S.S.G. § 3B1.1, and the application of the leader or organizer enhancement is appropriate. *See United States v. Garcia*, 497 F.3d 964, 970 (9th Cir. 2007).

The district court applied the then-applicable "abuse of trust" enhancement under *United States v. Hill*, 915 F.2d 502 (9th Cir. 1990). The court did not have the benefit of our later decision in *United States v. Contreras*, 581 F.3d 1163 (9th Cir. 2009), *opinion adopted in part and vacated in part en banc*, 593 F.3d 1135 (9th Cir. 2010). There, we held that, pursuant to Application Note 1 of U.S.S.G. § 3B1.3, the enhancement is appropriate only if the defendant has "professional or managerial discretion," such that the defendant "because of his or her special knowledge, expertise, or managerial authority, is trusted to exercise substantial discretionary judgment that is ordinarily given considerable deference." *Id*. at 1168 n.5 (internal citations and quotations omitted). We therefore vacate the sentence and remand to the district court for reconsideration of the "abuse of trust" enhancement in light of *Contreras*, on an open record. *See United States v. Matthews*, 278 F.3d 880, 885 (9th Cir. 2002) (allowing government to introduce new evidence on resentencing).

**SENTENCE VACATED AND REMANDED.**