**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10506 |
| Plaintiff - Appellee, | D.C. No. 2:03-CR-46-KJD-RJJ |
| v. | |
| QUINTON WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted April 11, 2011
San Francisco, California

Before: NOONAN and N.R. SMITH, Circuit Judges, and COLLINS, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]     The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1

Defendant-Appellant Quinton Williams appeals from his sentence following a jury trial and guilty verdict. The parties are presumed to be familiar with the facts, and we do not recount them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I. *Appellant's sentence after re-trial*

We review claims of judicial vindictiveness de novo. *United States v. Peyton*, 353 F.3d 1080, 1085 (9th Cir. 2003), overruled on different grounds by *United States v. Contreras*, 593 F.3d 1135, 1136 (9th Cir. 2010).

Where the defendant cannot show a reasonable likelihood that his harsher sentence at a retrial was the result of vindictiveness, the *Pearce* presumption does not apply and the defendant bears the burden of proving actual vindictiveness. *Wasman v. United States*, 468 U.S. 559, 569 (1984).

The court in this case stated affirmatively on the record its reasons for giving Williams a higher sentence after retrial, noting that guideline recommendation in the 2003 Presentence Report did not include the career offender application. When an increase in sentence results solely from the court's correction of an error in the original presentence report, there is no reasonable likelihood of vindictiveness. *United States v. Garcia-Guizar*, 234 F.3d 483, 489-91 (9th Cir. 2000).

Because the *Pearce* presumption categorically does not apply to Appellant's

2

resentencing, he must prove actual vindictiveness. *Id.* at 490 (quoting *Wasman*, 468 U.S. at 569). Appellant conceded at oral argument that he could not demonstrate that the district court was actually vindictive. [1]

Therefore, the district court did not engage in vindictive sentencing, and we affirm Appellant's 210-month sentence.

II.     *Appellant's* Faretta *request*

Under either *de novo* or abuse of discretion review, Appellant's *Faretta* claim fails. *See United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir. 2001).

A court may deny a defendant's *Faretta* request if it cannot find "that he knowingly and intelligently forgoes his right to counsel and that he is able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S. 168, 173 (1984).

There is ample support in the record to sustain findings (i) that Williams did not knowingly and intelligently waive his right to representation, and/or (ii) that Williams demonstrated during the hearing that he would be defiant and disruptive if allowed to represent himself.

As to the first, when asked by the magistrate judge whether he understood the

---

[1]Appellant argued for the first time that the prosecutor was vindictive for seeking the career offender enhancement. This argument is waived. *Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008).

charges and consequences in his case, Williams gave conflicting and nonsensical answers. In addition, he seemed to believe that the case was a private bankruptcy proceeding. Based on this record, the district court correctly found that Williams did not knowingly and intelligently waive his right to counsel.

As to the second, throughout the *Faretta* hearing, Williams interrupted the court and counsel, and was rude and disrespectful to the court. His behavior was so disruptive that the court threatened to bind and gag him, and he was finally subdued by the Marshals. The district court correctly found that Williams was not willing to abide by courtroom protocol and rules of procedure based on his behavior during the *Faretta* hearing.

Denying Appellant's Faretta request was not an abuse of discretion.

III.   *Denial of mistrial*

We review a district court's denial of a motion for mistrial for abuse of discretion. *United States v. Sarkisian*, 197 F.3d 966, 981 (9th Cir. 1999). We review a district court's findings of fact in connection with the motion for a mistrial for clear error. *United States v. Bonas*, 344 F.3d 945, 948 (9th Cir. 2003).

We give "substantial weight" to the district court's assessment of whether a mistrial is necessary, and presume that the trial judge "who presided at the trial and observed the jury" is in the best position to determine if what happened was

4

prejudicial. *Sarkisian*, 197 F.3d at 981-82. The Sixth Amendment "affords no relief when the defendant's own misconduct caused the alleged juror partiality and the trial judge employed reasonable means under the circumstances to preserve the trial's fairness." *Williams v. Woodford*, 384 F.3d 567, 626 (9th Cir. 2004).

Here, Appellant's request for a mistrial was occasioned by his own misconduct, which was so severe it required his removal. The court acted as quickly as it could to prevent the jury from hearing anymore of the outburst and remove Williams from the courtroom. In addition, the court instructed the jurors to (i) not be influenced by personal likes or dislikes, opinions, prejudices, or sympathy, (ii) decide the case based only on properly admitted evidence, and (iii) ignore anything they may have seen or heard when court was not in session. A jury is presumed to follow its instructions. *Mejia v. Garcia*, 534 F.3d 1036, 1043 fn. 3 (9th Cir. 2008).

There was no reason to presume that the jury was influenced by Appellant's outburst, and there was no reason to reward Williams with a mistrial. Therefore, the court did not abuse its discretion when it denied the motion for mistrial.

**AFFIRMED.**