**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50492 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01173-DSF-1 |
| v. | |
| SYLVESTER IJEWERE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted February 13, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior District Judge for the
United States District Court for the Eastern District of New York, sitting by
designation.

Sylvester Ijewere appeals the sentence imposed after he pled guilty to Medicare fraud. He challenges the district court's imposition of a (1) two-level enhancement for abuse of a position of trust, (2) 12-level enhancement for causing loss greater than $200,000, and (3) drug testing condition for his supervised release. We affirm.

We review the district court's interpretation of the Sentencing Guidelines *de novo*, its factual findings for clear error, and its application of the Sentencing Guidelines to the facts for abuse of discretion. *United States v. Holt*, 510 F.3d 1007, 1010 (9th Cir. 2007). We review the district court's imposition of a supervised release condition for abuse of discretion. *United States v. Apodaca*, 641 F.3d 1077, 1079 (9th Cir. 2011).

The district court did not err in finding that Ijewere abused a position of trust. Ijewere's role in the fraud had the "element of discretion" required for the abuse of trust enhancement. *United States v. Contreras*, 593 F.3d 1135, 1136 (9th Cir. 2010) (en banc) (adopting parts of panel opinion in *United States v. Contreras*, 581 F.3d 1163, 1166 (9th Cir. 2009)). Ijewere was responsible for evaluating the patients to whom he provided equipment. *See United States v. Miller*, 607 F.3d 144, 149 (5th Cir. 2010).

The district court also did not err in calculating the loss amount. The district court made a "reasonable estimate" of the loss in light of the evidence. *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999). Further, the district court adequately addressed Ijewere's objections to the loss calculation by "expressly adopt[ing] the [government's] position" on the loss amount. *United States v. Doe*, 488 F.3d 1154, 1158 (9th Cir. 2007).

Ijewere waived his right to appeal the drug testing requirement in his plea bargain. Even if Ijewere had not waived that right, however, the district court did not abuse its discretion. Drug testing is a mandatory condition of supervised release. 18 U.S.C. § 3583(d).

AFFIRMED.