FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. DANIEL RAY, AKA Popeye, AKA Daniel T. Ray, AKA Daniel Thomas Ray, *Defendant-Appellant.* | No. 18-50115 D.C. No. 17-CR-00159-PA-2 |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. PATRICK JOHN BACON, *Defendant-Appellant.* | No. 18-50120 D.C. No. 17-CR-00159-PA-1 OPINION |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 6, 2020
Pasadena, California

Filed April 28, 2020

Before: Paul J. Watford and Mark J. Bennett, Circuit
Judges, and Jed S. Rakoff,[*] District Judge.

Per Curiam Opinion;
Concurrence by Judge Watford

_____

**SUMMARY**[**]

_____

**Criminal Law**

The panel vacated a conviction for assault with a deadly
weapon with intent to do bodily harm and assault causing
serious bodily injury, and remanded for a new trial, in a case
in which Patrick Bacon argued that the district court should
have allowed his forensic clinical expert psychologist to
testify, which would have allowed Bacon to present his
insanity defense to the jury.

The panel wrote that the psychologist's report
demonstrates that his evaluation of Bacon was relevant to
Bacon's insanity defense, and that the district court therefore
abused its discretion by excluding the psychologist's
testimony on the ground that the psychologist did not opine
that Bacon was unable to appreciate the nature and quality
of his acts at the time of the assault. The panel wrote that
this was the wrong legal standard. Instead, the district court
should have focused on whether the testimony would have

_____

[*] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

[**] This summary constitutes no part of the opinion of the court. It
has been prepared by court staff for the convenience of the reader.

assisted the jury in drawing its own conclusion as to a fact issue—the impact of any serious mental health disease or defect on Bacon's ability to appreciate the nature and quality of his acts.  The panel did not hold that the district court must admit the psychologist's testimony on remand, only that the district court abused its discretion in finding the testimony was not relevant to Bacon's insanity defense.  The panel wrote that to fulfill its gatekeeping function under Fed. R. Evid. 702 and *Daubert*, the district court on remand should consider whether the psychologist's testimony is reliable. The panel held that the exclusion of the testimony was not harmless because without it Bacon was unable to present his insanity defense.

Applying *United States v. Christian*, 749 F.3d 806 (9th Cir. 2014), and *Baabin v. AstenJohnson, Inc.*, 740 F.3d 457 (9th Cir. 2014) (en banc), the panel wrote that it was bound to vacate the conviction and remand for a new trial.

Concurring, Judge Watford, joined by Judges Bennett and Rakoff, wrote separately to highlight how wasteful of judicial resources the remedy of remanding for a new trial potentially is.

In a concurrently filed memorandum disposition, the panel resolved remaining issues in Bacon's and Daniel Ray's cases.

## COUNSEL

Ethan A. Balogh (argued), Dejan M. Gantar, and Narai Sugino, Coleman & Balogh LLP, San Francisco, California, for Defendant-Appellant Daniel Ray.

Shaun Khojayan (argued), Law Offices of Shaun Khojayan & Associates P.L.C., Los Angeles, California, for Defendant-Appellant Patrick John Bacon.

Shawn T. Andrews (argued) and Bram M. Alden, Assistant United States Attorneys; L. Ashley Aull, Chief, Criminal Appeals Section; Nicola T. Hanna, United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

## OPINION

PER CURIAM:

Patrick Bacon and Daniel Ray were convicted of assault with a deadly weapon with intent to do bodily harm and assault causing serious bodily injury. 18 U.S.C. § 113(a)(3), (6). They were sentenced to 120 months and 100 months, respectively. On appeal Bacon argues that the district court should have allowed his forensic clinical expert psychologist, Dr. Karim, to testify, which would have allowed him to present his insanity defense to the jury. We hold that the district court abused its discretion in excluding Dr. Karim's testimony because the testimony was relevant to Bacon's defense.[1] Because this error was not harmless,

_____

[1] In a concurrently filed memorandum disposition, we resolve the remaining issues in the case.

and we cannot tell from the record whether the testimony was reliable, we must vacate Bacon's conviction and remand for a new trial.[2]

## I.

Bacon and Ray were both incarcerated at Victorville Federal Prison in California. Bacon stabbed inmate Anthony Grecco with a metal shank, fracturing Grecco's sinus cavity and causing stab wounds to his head and chest. Security cameras recorded the attack and events beforehand.

Bacon had entered a housing unit, and when questioned by correctional officers, lied and said he was housed there. He met with Ray, and they both walked to Ray's cell. Ray took a book from the cell. Defendants walked to a table, where Ray put the book in front of Bacon and walked away. Bacon took the book apart. Ray returned and stood next to Bacon, until Bacon left holding something below his waist. Bacon then stabbed Grecco with the shank. Guards responded, broke up the assault, and recovered the shank and book.

A grand jury indicted Bacon and Ray under 18 U.S.C. § 113(a)(3) (assault with a deadly weapon with intent to do bodily harm) and (a)(6) (assault causing serious bodily

---

[2] We deny Bacon's request to assign this case to a different district court judge on remand. The record does not show that the district judge was biased or that other unusual circumstances were present. *See United States v. Peyton*, 353 F.3d 1080, 1091 (9th Cir. 2003), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135, 1136 (9th Cir. 2010) (en banc); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

injury). After a two-day trial, a jury found defendants guilty of both counts.

Prior to trial Bacon gave notice, pursuant to Federal Rule of Criminal Procedure 12.2, that he would assert an insanity defense. The government then moved in limine to preclude Bacon's expert, Dr. Karim. Among other conclusions, Dr. Karim opined: (1) "that a review of Mr. Bacon's psychosocial history confirms that he has suffered from a severe and chronic mental illness (or defect) throughout the course of his adult life" and "he presents with long-standing and chronic mental health disorders"; (2) "there are elements of a downward spiral of isolation, depression, paranoia, and anxiety that resulted in a dissociative state for Mr. Bacon prior to the conduct itself" and (3) as a result "it would be reasonable to conclude with a high degree of clinical certainty that an individual who was suffering from the myriad of severe mental health disorders that Mr. Bacon was facing on October 18, 2016 would have had difficulty understanding the nature and quality of his actions at the time of the offense conduct." Dr. Karim acknowledged that Bacon has "a history of aggression and physical assaults," but concluded that Bacon's psychological deterioration during the months before the assault impacted his ability to "differentiate his actions" at the time of the assault. Dr. Karim further suggested that Bacon's "largely unplanned and unsophisticated criminal history" could be explained by "a diagnosis of an Unspecified Bipolar disorder."

The government moved to preclude Dr. Karim's testimony. The government argued the expert testimony was irrelevant and unreliable under *Daubert* and Federal Rule of Evidence 702, because Dr. Karim did not opine that Bacon suffered from "any mental health disorder" on the date of the

assault, his opinion about a "dissociative state" was not based on medical literature, he did not explain the results of tests he administered to Bacon, and his opinions appeared to have been based on hearsay.

The district court granted the motion, finding that under Rule 702, Dr. Karim's opinion was not relevant because it would "not help the trier of fact to understand the evidence or determine the issue of sanity." After explaining the *Daubert* and Rule 702 standards, and summarizing Dr. Karim's opinions, the district court stated: "We start with the question of relevance. In fact, we start and end with the question of relevance." The court found that "Dr. Karim's opinion that an individual who was suffering from a myriad of severe mental health disorders that Mr. Bacon was facing would have had difficulty understanding the nature and quality of his action at the time of the offense conduct is equivocal and will not help the trier of fact to understand the evidence or determine the issue of sanity." The court also stated that Dr. Karim's testimony does "not satisfy the threshold standard of relevance" because "Dr. Karim is unwilling or cannot opine that as a result of Mr. Bacon's mental health issues he was unable, as opposed to [had] difficulty understanding, [or] appreciat[ing] the nature and quality of his acts . . . ." Thus, according to the district court, Dr. Karim's testimony did not "satisfy the standard to entitle the defendant to [assert] an insanity defense according to the law of this circuit."[3] The court ultimately found "that Dr. Karim's opinions, therefore, are speculative, irrelevant, and unreliable."

---

[3] The district court also noted that "Dr. Karim's opinions, in part, violate 704."

In the alternative, the district court found that "Dr. Karim is precluded from testifying as an expert witness because whatever probative value the proffered testimony may have [is] substantially outweighed by undue prejudice, confusion of the issues, and undue waste of time under [Federal Rule of Evidence] 403."**[4]** Because the district court precluded Dr. Karim from testifying, it barred Bacon's insanity defense, under 18 U.S.C. § 17, the Insanity Defense Reform Act ("IDRA").**[5]**

We have jurisdiction under 28 U.S.C. § 1291.

## II.

We review "the district court's exclusion of expert testimony" for abuse of discretion. *United States v. Christian*, 749 F.3d 806, 810 (9th Cir. 2014). We first "consider whether the district court identified the correct legal standard for decision of the issue before it" and then we "determine whether the district court's findings of fact, and its application of those findings of fact to the correct legal standard, were illogical, implausible, or without support in inferences that may be drawn from facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc).

---

**[4]** Bacon timely objected to the district court's ruling precluding Dr. Karim from testifying.

**[5]** The IDRA requires the defendant, by clear and convincing evidence, to prove that "he suffered from a serious mental disease or defect at the time of the crime" and that "his mental disease or defect must have prevented him from appreciating the nature and quality or wrongfulness of his acts." *United States v. Knott*, 894 F.2d 1119, 1121 (9th Cir. 1990).

## A.

Bacon argues that the district court abused its discretion by refusing to allow Dr. Karim's testimony even though it was relevant and reliable. "The admissibility of expert testimony is generally governed by Federal Rule of Evidence 702, which requires district courts to 'perform a gatekeeping function to ensure that the expert's proffered testimony is both reliable and relevant.'" *Christian*, 749 F.3d at 810 (quoting *United States v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010)). Here the district court focused exclusively on relevance when evaluating Dr. Karim's testimony: "We start with the question of relevance. In fact, we start and end with the question of relevance."[6]

The correct legal standard is for the district court "to determine the relevance of the *psychological* evaluation the expert conducted and the *medical* diagnoses he made, not his ultimate *legal* conclusion regarding the defendant's mental state." *Christian*, 749 F.3d at 811. Here, the district court instead focused on Dr. Karim's bottom-line opinions, rather than "his proposed expert *testimony*," *id.*, contrary to our guidance in *Christian*. There, we emphasized "that a district court deciding whether to admit expert testimony should evaluate whether that *testimony* 'will assist the trier of fact in drawing its own conclusion as to a fact in issue' and should not limit its consideration to 'the existence or strength of an expert's *opinion*.'" *Id.* (quoting *United States v. Rahm*, 993 F.2d 1405, 1411 (9th Cir. 1993)). We explained this is necessary because the doctor there could not have testified

---

[6] While the district court did conclude that "Dr. Karim's opinions . . . are speculative, irrelevant, and unreliable," the court's analysis under Rule 702 focused exclusively on relevance and did not consider reliability at all.

that the defendant "lacked the capacity to form the specific intent to threaten," *id.* at 812 (citing Fed. R. Evid. 704(b)), and "[i]t would make little sense to require a conclusive opinion in determining admissibility, and then absolutely to forbid expression of the opinion in testimony," *id.* (quoting *Rahm*, 993 F.2d at 1411 n.3). So too here. Dr. Karim could not have testified to the jury that Bacon's mental disease and defect prevented him from appreciating the nature and quality or wrongfulness of his acts, because "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Thus "the absence of an opinion to that effect in his report is not a valid reason to preclude his testimony." *Christian*, 749 F.3d at 812.

Dr. Karim's report demonstrates that his evaluation of Bacon was relevant to Bacon's insanity defense. For example, Dr. Karim concluded that Bacon "was suffering from a myriad of severe mental health disorders," and that Bacon "would have had difficulty understanding the nature and quality of his actions at the time of the offense conduct." If admissible, testimony about these "severe" mental health disorders and their impact on Bacon's perception at the time of the assault "may well have been helpful to the jury in deciding," *Christian*, 749 F.3d at 812, whether Bacon was insane at the time.

Accordingly, the district court abused its discretion by precluding Dr. Karim's testimony because he did not opine that Bacon was unable to appreciate the nature and quality of his acts at the time of the assault.[7] This was the wrong

---

[7] To the extent the district court ruled that Rule 704 precluded Dr. Karim from testifying, it abused its discretion. *See Christian*,

legal standard. Instead, the district court should have focused on whether Dr. Karim's testimony would have assisted the jury "in drawing its own conclusion as to a 'fact in issue,'" *id.* at 811—the impact of any serious mental health disease or defect on Bacon's ability to appreciate the nature and quality of his acts.

If otherwise admissible, Dr. Karim's expert testimony "would have been highly probative" of Bacon's mental state and "unlikely to cause significant confusion with the jury if properly constrained by compliance with the rules of evidence." *United States v. Cohen*, 510 F.3d 1114, 1126–27 (9th Cir. 2007). Thus, even if the district court had explained the Rule 403 exclusion, it likely would have abused its discretion. With no explanation, it clearly did so.

We do not hold that the district court must admit Dr. Karim's testimony on remand, only that the district court abused its discretion in finding the testimony was not relevant to Bacon's insanity defense. On remand, to fulfill its "gatekeeping function" under Rule 702 and *Daubert*, the district court should consider whether Dr. Karim's testimony is reliable. *See Christian*, 749 F.3d at 810 (quoting *Redlightning*, 624 F.3d at 1111). The government, in its *Daubert* motion, raised a number of very real reliability issues with Dr. Karim's expert testimony, including that Dr. Karim did not explain his reasoning or methodology in arriving at his conclusions and cited no medical literature showing that a "dissociative state" or other mental health disorders suffered by Bacon at the time of the offense are considered mental diseases or defects. We cannot express any view on the admissibility of Dr Karim's testimony under

---

749 F.3d at 812 n.2 (Rule 704(b) "*limit*[s] the scope of [an expert's] testimony" but does not "*prohibit*[] him from testifying at all.").

Rule 702 "because the record before us is too sparse to determine whether the expert testimony is . . . reliable." *Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 466 (9th Cir. 2014) (en banc).

## B.

We must decide whether the exclusion of Dr. Karim's testimony was harmless error. *See United States v. Morales*, 108 F.3d 1031, 1040 (9th Cir. 1997) (en banc). It was not. If the district court had admitted Dr. Karim's testimony, Bacon's insanity defense would have gone to the jury. Given Bacon's prior mental health diagnoses, an expert witness may have "provided some evidentiary basis for inferring . . . a link between [Bacon's] obvious mental illness and [his] sole defense." *Christian*, 749 F.3d at 813. Without this testimony Bacon was unable to present his insanity defense to the jury. Thus, the error was not harmless, and Bacon's "substantial rights were affected by the district court's error."[8] *Id.*; *see also Rahm*, 993 F.2d at 1415–16.

## III.

We now turn to the proper remedy for the district court's non-harmless error of precluding Bacon's expert testimony: We must vacate the conviction and remand for a new trial. *See Christian*, 749 F.3d at 814. In *Christian*, we explained that "*Barabin* extended a general evidentiary rule requiring a new trial '[w]hen the district court has erroneously admitted or excluded prejudicial evidence' to the admission of expert testimony." *Id.* (quoting *Barabin*, 740 F.3d at 466

---

[8] We do not reach Bacon's challenge that excluding Dr. Karim's testimony violated Bacon's constitutional right to present a defense because we "reverse on the basis of the nonconstitutional evidentiary error." *United States v. Rahm*, 993 F.2d 1405, 1416 n.6 (9th Cir. 1993).

(alteration in original)). While acknowledging that "*Barabin* involved the *admission* of expert testimony in a *civil* trial," the *Christian* court held "that *Barabin's* analysis applies with equal force to" criminal cases in which the district court excluded expert testimony. *Id.* Absent intervening Supreme Court authority, we are bound by the prior decisions of this Court. *See Miller v. Gammie*, 335 F.3d 889, 893, 899–900 (9th Cir. 2003) (en banc). Accordingly, we vacate Bacon's conviction and remand for a new trial.[9]

**VACATED and REMANDED.**

---

WATFORD, Circuit Judge, joined by BENNETT, Circuit Judge, and RAKOFF, District Judge, concurring:

I agree with my colleagues that circuit precedent requires us to remand this case to the district court for a new trial. *See United States v. Christian*, 749 F.3d 806, 813–14 (9th Cir.

---

[9] We note two issues that may arise again on remand. First, if Bacon's insanity defense goes to the jury, his father's lay testimony about Bacon's mental health history would not be per se irrelevant even if the proffered testimony goes to events that occurred several years before the assault. *See, e.g.*, *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1079 (9th Cir. 2019) (finding under Rule 701 that as long as a mother "stopped short of opining that [the son] had a mental illness, she was competent to testify about her own observations of and experiences with" her son's past behavior).

Second, if Bacon again testifies and the government seeks to impeach him with evidence of his prior convictions, the district court should consider the five factors we noted in *United States v. Hursh*, 217 F.3d 761 (9th Cir. 2000), when "balancing the probative value of evidence of a defendant's prior convictions against that evidence's prejudicial effect," *id.* at 768. We express no view on the merits of any challenges to that impeachment.

2014); *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 466–67 (9th Cir. 2014) (en banc). I write separately to highlight how wasteful of judicial resources that remedy potentially is. *See Estate of Barabin*, 740 F.3d at 469 (Nguyen, J., concurring in part and dissenting in part).

Our panel does not hold that Dr. Karim's testimony must be admitted at the new trial. We merely hold that his testimony may not be excluded on the ground originally given by the district court (relevance), and we remand the case so that the district court can assess the other grounds on which Dr. Karim's testimony might still be excluded, most notably as not meeting the standard for reliability imposed by Federal Rule of Evidence 702. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). What if, on remand, the district court decides that Dr. Karim's testimony is insufficiently reliable, and thus must be excluded once again? If that occurs, why in the world should the court hold a new trial at which a second jury will hear the same evidence heard by the jury at the first trial?

As Judge Nguyen argued in *Estate of Barabin*, the far more sensible procedure would be to "conditionally vacate the judgment and remand to the district court with instructions to determine whether the disputed expert testimony was admissible pursuant to the requirements of Rule 702 and *Daubert*." 740 F.3d at 471 (Nguyen, J., concurring in part and dissenting in part). Under that procedure, if the court determined on remand that Dr. Karim's testimony is inadmissible, it would simply reinstate the judgment. Only if the court determined that Dr. Karim's testimony *is* admissible, and therefore was wrongly kept from the jury at the first trial, would there be a need for a retrial. Since this eminently sensible procedure is

forbidden by existing circuit precedent, I reluctantly join the court's disposition.