NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50372 |
| Plaintiff-Appellee, | D.C. No. 5:19-cr-00151-DSF-3 |
| v. | |
| CARLOS ROMERO-CORICHE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted November 19, 2020
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and IMMERGUT,[**] District Judge.
Concurrence by Judge VANDYKE

Defendant-appellant Carlos Romero-Coriche (Romero) was charged in an

eleven-count indictment for his role in an alleged conspiracy to transport and

harbor undocumented immigrants in Southern California for financial gain.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Karin J. Immergut, United States District Judge for the District of Oregon, sitting by designation.

Following a jury trial, Romero was convicted on all eleven counts. On appeal, Romero challenges his conviction on Counts 2 through 11 and his sentence. We have jurisdiction under 28 U.S.C. § 1291. We vacate in part, affirm in part, and remand.

**1.** Romero argues that Counts 2 through 11 of the indictment were duplicitous and that the district court's jury instructions failed to remedy that error, violating his Sixth Amendment right to a unanimous jury verdict. We agree.

"Where a defendant fails to object to an indictment as duplicitous before trial and fails to object to the court's jury instructions at trial, we review for plain error." *United States v. Arreola*, 467 F.3d 1153, 1161 (9th Cir. 2006). Romero did not object to the indictment or the district court's jury instructions. We therefore review his challenge to the jury instructions for Counts 2 through 11 for plain error.[1]

"Plain error is (1) error, (2) that is plain, and (3) that affects substantial

---

[1] The government's argument that Romero waived the jury instruction claim is unpersuasive. The government concedes that we may review a challenge to the jury instructions for plain error. *See Arreola*, 467 F.3d at 1161. Romero challenged both the indictment and jury instructions in his opening brief. Thus, while the indictment duplicity claim was waived under Federal Rule of Criminal Procedure 12(b)(3), the claim as to the jury instructions is not waived. *See, e.g.*, *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019) (per curiam); *United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1039-40 (9th Cir. 2002), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010) (en banc) (per curiam).

rights." *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc) (quoting *United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009)). If those three prongs are satisfied, "the reviewing court has the discretion to grant relief so long as the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.*

The government concedes, and we agree, that the first two prongs are met. Counts 2 through 11 of the indictment were duplicitous because each count charged a completed transportation or harboring offense and the corresponding attempt offense. In *United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc), this court held that an indictment was duplicitous when one count charged a defendant with transporting and attempting to transport under the same statute at issue in this case, 8 U.S.C. § 1324(a)(1)(A)(ii). *Id.* at 913-15.[2] And the district court failed to remedy the indictment with an augmented or specific unanimity instruction. *Id.* at 915. The district court therefore erred, and our prior holding in *Ramirez-Martinez* makes the error plain. *See Depue*, 912 F.3d at 1232, 1234.

---

[2] Counts 2 through 6 charged Romero with transporting, and attempting to transport, five undocumented immigrants for the purpose of financial gain under 8 U.S.C. §§ 1324(a)(1)(A)(ii), (a)(1)(B)(i). Counts 7 through 11 charged Romero with harboring, and attempting to harbor, the same five undocumented immigrants for the purpose of financial gain under 8 U.S.C. §§ 1324(a)(1)(A)(iii), (a)(1)(B)(i).

The error also affected Romero's substantial rights. As we have previously stated, and as the government acknowledges, "the strength of the evidence is beside the point in the duplicity context." *Ramirez-Martinez*, 273 F.3d at 915. And when there is a "genuine possibility" that "different jurors voted to convict on the basis of different facts establishing different offenses," *United States v. Lapier*, 796 F.3d 1090, 1097 (9th Cir. 2015), the "failure to give a specific unanimity instruction [is] plain error violating [the defendant's] 'substantial right to a unanimous jury verdict as granted by Article III, § 2, and the Sixth Amendment of the United States Constitution.'" *Id.* at 1098 (citation omitted) (holding that the lack of a specific unanimity instruction was plain error warranting reversal when evidence tended to show multiple conspiracies instead of the single conspiracy charged in the indictment).

Romero's "substantial right to a unanimous jury verdict" was violated because the record shows a "genuine possibility" of juror confusion. *Id.* First, Counts 2 through 11 were plainly duplicitous. Second, in light of the trial evidence, jurors could have found Romero guilty of attempting to transport or harbor the undocumented immigrants, or of completing those offenses. Third, the district court's jury instructions did not sufficiently distinguish, given the circumstances, between attempt and the completed offenses, nor provided a specific or augmented unanimity instruction for those crimes. Fourth, the

4

government's closing argument conflated the two crimes. Because there was a genuine "risk that different jurors voted to convict on the basis of different facts establishing different offenses . . . the district court was required to give a specific unanimity instruction *sua sponte*." *Id.* at 1097. Its failure to do so affected Romero's substantial rights. *Id.* at 1098; *see Ramirez-Martinez*, 273 F.3d at 915.

We therefore have "discretion to grant relief so long as the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Depue*, 912 F.3d at 1232 (quoting *Hammons*, 558 F.3d at 1103). "An error may 'seriously affect the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *United States v. Olano*, 507 U.S. 725, 736-37 (1993); *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018) (explaining that focusing "on principles of fairness, integrity, and public reputation" recognizes "a broader category of errors" than actual innocence). Such relief may be granted when it is "plausible" that the error affected the verdict. *See United States v. Johnson*, 979 F.3d 632, 637 (9th Cir. 2020); *Johnson v. United States*, 520 U.S. 461, 470 (1997).

"[A] conviction notwithstanding a genuine possibility of jury confusion and risk of a nonunanimous verdict seriously affects the fairness and integrity of judicial proceedings because it jeopardizes [the defendant's] constitutional rights." *Lapier*, 796 F.3d at 1098. We conclude that the duplicitous indictment and lack of

5

a specific unanimity instruction concerning Counts 2 through 11 was plain error warranting reversal, as it violated Romero's "constitutional right to a unanimous jury verdict." *Id.* at 1093. The evidence against Romero was not so overwhelming that we are convinced Romero "would have been convicted even if the jury had been instructed properly." *United States v. Mancuso*, 718 F.3d 780, 795, 795 n.9 (9th Cir. 2013). Rather, the trial evidence and the government's closing argument, which conflated the distinct crimes, show that some jurors could have convicted Romero for the attempt crimes but found the elements of the completed crimes had not been met, while others could have found the reverse to be true. Therefore it is plausible that, had the proper unanimity instruction been given, the jury would not have reached a unanimous verdict on those counts.

Accordingly, we vacate Romero's conviction on Counts 2 through 11 and remand for further proceedings.

**2.**     Romero also argues that the district court erred by imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. The district court imposed the enhancement after concluding Romero committed perjury and attempted to obstruct justice as to material matters. We review de novo Romero's challenge to the enhancement. *See United States v. Wahid*, 614 F.3d 1009, 1016 (9th Cir. 2010), *abrogated on other grounds by Henderson v. United States*, 568 U.S. 266 (2013).

6

Specifically, Romero argues that his testimony about a familial relationship with two of the undocumented immigrants was not material. *See United States v. Johnson*, 812 F.3d 757, 761 (9th Cir. 2016) (stating that the district court must find the defendant (1) gave false testimony, (2) on a material matter, (3) with willful intent to apply a perjury enhancement). But Romero's theory of the case at trial was that he did not receive a financial benefit for transporting those two undocumented immigrants—an element of the alleged offenses—because they were his family members. Although other evidence, including other parts of his testimony, tended to show that Romero did receive such a benefit, that does not make his initial statements immaterial. The jury was tasked with deciding whether Romero received a financial benefit. Jurors could have credited some parts of Romero's testimony, such as statements concerning his relationship with two of the undocumented immigrants, while ignoring or discounting others. Therefore, his testimony regarding the familial relationship remained relevant to a "subsidiary issue under consideration." *United States v. Thomas*, 612 F.3d 1107, 1123 (9th Cir. 2010) (quoting *United States v. McKenna*, 327 F.3d 830, 839 (9th Cir. 2003)). The district court did not err in applying the enhancement.[3]

**VACATED in part, AFFIRMED in part, and REMANDED.**

---

[3] In light of our disposition, we need not address Romero's other arguments.

*United States v. Romero-Coriche*
19-50372

VANDYKE, Circuit Judge, concurring.

I concur in the majority decision, as required by circuit precedent. *See, e.g.*, *United States v. Savage*, 67 F.3d 1435, 1439 (9th Cir. 1995) ("we review the jury instructions for plain error even though [defendant] failed to object to the instructions below"), *partially abrogated on other grounds by United States v. Van Alstyne*, 584 F.3d 803, 813 (9th Cir. 2009). I write separately to emphasize that our precedent makes little sense, particularly given how we treat Rule 12 forfeitures in other contexts.

Rule 12 requires that certain objections "must be raised by pretrial motion," and that if a criminal defendant misses that deadline, "the motion is untimely" and thus forfeited unless that untimeliness is excused for "good cause." Fed. R. Crim. P. 12(b)(3), (c)(3). A challenge to a duplicitous indictment, or an attempt to suppress evidence, are among the prosecution errors that Rule 12 requires be challenged by pretrial motion. *See id.* at 12(b)(3)(B), (C).

With respect to, for example, a motion to suppress evidence for a claimed Fourth Amendment violation, our caselaw is clear: either bring it pretrial or it is forfeited (absent a showing of good cause for the failure). *See, e.g.*, *United States v. Guerrero*, 921 F.3d 895, 898 (9th Cir. 2019). Our duplicitous indictment jurisprudence starts out the same way. *See, e.g.*, *Savage*, 67 F.3d at 1439 ("Savage

1

did not object to [duplicitous] defects in the indictment before trial.  Therefore, he has waived his right to raise an objection to the form of the indictment.").  But then it gives back with the right hand what the left hand took away, by allowing a criminal defendant to do what *Romero-Coriche* does here: raise a plain error challenge to the jury instructions that arguably did not "correct" the duplicitous charging for the first time on appeal under the Sixth Amendment.  *See id.* ("Although Savage waived his right to raise the duplicity problem, we note that Savage has a right, under the Sixth Amendment, to a unanimous jury verdict.… Because a substantial right is at issue, we review the jury instructions for plain error even though Savage failed to object to the instructions below.").  And as this case demonstrates, a criminal defendant will typically prevail on a plain error challenge if the indictment was, in fact, duplicitous.

Our effective repudiation of Rule 12's requirements in the duplicitous indictment context makes little sense, for at least two reasons.  First, our reliance on the fact that "a substantial … Sixth Amendment … right" is at issue in cases like this, *id.*, hardly distinguishes duplicitous indictment cases from suppression cases, unless one thinks the Sixth Amendment is somehow more "substantial" than the Fourth.  *Compare* Fed. R. Crim. P. 12(b)(3)(B)(i) *with id.* at 12(b)(3)(C).  Second, the main purpose of Rule 12's pretrial motion requirement is to eliminate criminal defendants' incentive to keep silent about a pretrial defect, roll the dice on

2

the first trial, and then get a redo if they are convicted. *Cf. Davis v. United States*, 411 U.S. 233, 241 (1973) ("If defendants were allowed to flout [Rule 12's] time limitations, ... there would be little incentive to comply with its terms ... [and] tactical considerations would militate in favor of delaying the raising of the claim in hopes of an acquittal, with the thought that if those hopes did not materialize, the claim could be used to upset an otherwise valid conviction ...."). Yet our duplicitous indictment caselaw encourages precisely that; assuming Romero-Coriche or his counsel knew the indictment in this case was possibly duplicitous, under our caselaw they had no incentive to raise it pretrial, and every incentive to wait and challenge it on appeal. It is hard to see how that is consistent with Rule 12's "consequences of not making a timely motion." Fed. R. Crim. P. 12(c).