**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | No. 18-50120 |
| | D.C. No. |
| v. | 5:17-cr-00159-PA-1 |
| PATRICK JOHN BACON, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted En Banc October 29, 2020[*]
San Francisco, California

Filed November 5, 2020

Before: Sidney R. Thomas, Chief Judge, and Richard A.
Paez, Marsha S. Berzon, Johnnie B. Rawlinson, Consuelo
M. Callahan, Mary H. Murguia, Andrew D. Hurwitz,
John B. Owens, Eric D. Miller, Bridget S. Bade and
Kenneth K. Lee, Circuit Judges.

Opinion by Chief Judge Thomas

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

The en banc court remanded to the three-judge panel for a determination of the proper remedy in this criminal case in which the three-judge panel held that the district court had employed the incorrect legal standard for relevance under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and Federal Rule of Evidence 702, when it excluded testimony from the defendant's proposed expert.

The Court voted to rehear the case en banc to consider what the proper remedy is on appeal when this court concludes that a district court has erred under *Daubert* by admitting or excluding expert testimony on one ground, but this Court cannot tell from the record whether the admission or exclusion was nevertheless correct on other grounds.

Recognizing that there are different circumstances involved in every case, the en banc court concluded that a bright-line rule requiring a specific remedy is inappropriate. Applying 28 U.S.C. § 2106, the en banc court held that when a panel of this Court concludes that the district court has committed a non-harmless *Daubert* error, the panel has discretion to impose a remedy as may be just under the circumstances. Restoring *Daubert* errors to the usual realm of appellate review and remedy, the en banc court wrote that circumstances may require a new trial in some instances and dictate a limited remand in others. The en banc court

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

overruled this Court's prior case law to the extent it conflicts with this opinion.

## COUNSEL

Shaun Khojayan, Law Offices of Shaun Khojayan & Associates P.L.C., Los Angeles, California, for Defendant-Appellant.

Nicola T. Hanna, United States Attorney; L. Ashley Aull, Chief, Criminal Appeals Section; Shawn T. Andrews, United States Attorney; Violent and Organized Crime Section, United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

Robert A. Olson, Greines Martin Stein & Richland LLP, Los Angeles, California, for Amici Curiae Federation of Defense and Corporate Counsel, Association of Southern California Defense Counsel, and Association of Defense Counsel of Northern California.

## OPINION

THOMAS, Chief Judge:

We voted to rehear this case en banc to consider what the proper remedy is on appeal when we conclude that a district court has erred under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), by admitting or excluding expert testimony on one ground, but when we cannot tell from the record whether the admission or exclusion was nevertheless correct on other grounds.

Recognizing that there are different circumstances involved in every case, we conclude that a bright-line rule requiring a specific remedy is inappropriate. Instead, each panel should fashion a remedy "as may be just under the circumstances." 28 U.S.C. § 2106. The remedy may include remanding for a new trial or remanding for the district court to first determine admissibility, then requiring a new trial only if that admissibility determination differs from that in the first trial. We remand this case to the three-judge panel so that the panel may, in its discretion, determine the appropriate remedy in this case.

I

The facts of the case are detailed in the panel opinion, so we need not recount them here in any detail. *See United States v. Ray*, 956 F.3d 1154, 1157–58 (9th Cir. 2020) (per curiam). In brief, the district court excluded testimony from Bacon's proposed expert on the ground that the testimony would be irrelevant under *Daubert* and Federal Rule of Evidence 702. *Id.* at 1158. Because the district court's decision to exclude the testimony "start[ed] and end[ed] with the question of relevance," the court did not evaluate the expert's reliability. *Id.* at 1158–60; *see also United States v. Redlightning*, 624 F.3d 1090, 1111 (9th Cir. 2010) ("The trial judge must perform a gatekeeping function to ensure that the expert's proffered testimony is both reliable and relevant.").

On appeal, the three-judge panel held, in a per curiam opinion, that the district court had employed the incorrect legal standard for relevance under *Daubert* and Rule 702 when it excluded the testimony. *Ray*, 956 F.3d at 1159–60. The panel further determined that the error was not harmless. *Id.* In ordering a remedy for the error, the panel concluded

that it was bound by circuit precedent to vacate the conviction and remand for a new trial. *Id.* at 1160–61 (citing *United States v. Christian*, 749 F.3d 806, 814 (9th Cir. 2014)).

However, the entire panel joined a concurring opinion, authored by Judge Watford, urging that we reconsider our precedent and "conditionally vacate the judgment and remand to the district court with instructions to determine whether the disputed expert testimony was admissible pursuant to the requirements of Rule 702 and *Daubert*." *Ray*, 956 F.3d at 1161 (Watford, J., concurring) (quoting *Estate of Barabin v. AstenJohnson, Inc.* ("*Barabin II*"), 740 F.3d 457, 471 (9th Cir. 2014) (en banc) (Nguyen, J., concurring in part and dissenting in part)). The concurrence noted that the contested expert testimony might again be excluded, this time on reliability grounds, in which case the evidence in the second trial would be the same as the evidence in the first trial. *Id.* ("If that occurs, why in the world should the court hold a new trial . . . ?").

Upon an affirmative vote of a majority of the non-recused active judges, we agreed to rehear this case en banc. *United States v. Ray*, 974 F.3d 959 (9th Cir. 2020).

II

The panel correctly concluded that it was bound by circuit precedent in remanding for a new trial. However, our precedents also demonstrate an enduring disagreement within our Court over the mandatory-retrial rule.

In *Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1068 (9th Cir. 2002), *amended by* 319 F.3d 1073 (9th Cir. 2003), we held that the non-harmless

admission of testimony without the proper *Daubert* reliability determination required vacating for a new trial. Following an unsuccessful petition for rehearing and rehearing en banc, in which the petitioners argued that the panel should instead remand for an evidentiary hearing, the panel amended its opinion to state:

> To remand for an evidentiary hearing post-jury verdict undermines *Daubert*'s requirement that *some* reliability determination must be made by the trial court *before* the jury is permitted to hear the evidence. Otherwise, instead of fulfilling its mandatory role as a gatekeeper, the district court clouds its duty to ensure that only reliable evidence is presented with impunity. A post-verdict analysis does not protect the purity of the trial, but instead creates an undue risk of post-hoc rationalization. This is hardly the gatekeeping role the Court envisioned in *Daubert* and its progeny.

*Mukhtar v. Cal. State Univ., Hayward*, 319 F.3d 1073, 1074 (9th Cir. 2003).

Judge Reinhardt wrote a dissent from the denial of rehearing en banc in *Mukhtar*, in which ten additional judges joined. *Id.* at 1075–78 (Reinhardt, J., dissenting from denial of reh'g en banc). The dissent argued, among other things, that the panel should have conditionally vacated the judgment pending a limited remand on the admissibility of the expert testimony. *Id.* at 1077.

We next considered this issue in *Barabin v. AstenJohnson, Inc.* ("*Barabin I*"), 700 F.3d 428, 433 (9th Cir. 2012). The panel in *Barabin I* concluded that *Mukhtar* required remanding for a new trial when the district court had committed a non-harmless error in admitting evidence under *Daubert*. 700 F.3d at 433. Judge Graber, joined by Judge Tashima, agreed that circuit precedent required a new trial, but wrote separately to disagree with *Mukhtar* and urge that the judgment be conditionally vacated and remanded to first determine whether the testimony was admissible. *Id.* at 434 (Graber, J., concurring) ("If the court finds that the expert testimony is, indeed, reliable, what purpose is served by empaneling a new jury and conducting another lengthy trial the outcome of which likely will be identical to the one already concluded?").

We reheard *Barabin I* en banc, and a six-judge majority reaffirmed the *Mukhtar* rule that "an erroneous admission of expert testimony, absent a showing the error was harmless, requires a new trial." *Barabin II*, 740 F.3d at 467. Judge Nguyen, joined by four other judges, dissented in part, writing that "[t]here is no reason to require a new trial whenever a district court fails to conduct a *Daubert* analysis, regardless of whether on remand the district court would determine that disputed expert testimony is relevant and reliable." *Id.* at 468 (Nguyen, J., concurring in part and dissenting in part). The partial dissent again urged that the en banc court conditionally vacate and remand so that the district court could first determine admissibility. *Id.* at 471. If the district court were to determine that the testimony was admissible, the district court could reinstate the verdict. *Id.* If the testimony were held inadmissible, the partial dissent said, then the district court should ascertain whether the

erroneous admission had prejudiced the defendants. *Id.* Only if it had should the court order a new trial. *Id.*

Shortly afterwards, another panel extended the mandatory-retrial rule to criminal cases where expert testimony pertaining to a diminished capacity defense had been excluded under an incorrect legal standard. *Christian*, 749 F.3d at 813–14 & n.4. The panel in *Christian* declined to determine whether the testimony should have been admitted, leaving that to the district court to determine in the first instance. *Id.* at 813. However, although it was remanding to allow the district court to determine admissibility, the panel applied the mandatory-retrial rule, vacating the conviction and ordering a new trial. *Id.* at 813–14.

Applying these precedents, the panel in this case properly concluded that binding circuit precedent required a retrial. *See Ray*, 956 F.3d at 1160–61. But, sitting en banc, we are free to reconsider that rule.

III

As the history of our divided opinions indicates, there is considerable force behind both the argument that requiring retrial promotes *Daubert*'s gatekeeping function, *Mukhtar*, 319 F.3d at 1074, and the argument that requiring retrial can waste judicial resources and unnecessarily treats *Daubert* errors differently from other evidentiary errors, *Barabin II*, 740 F.3d at 470–71 (Nguyen, J., concurring in part and dissenting in part). Moreover, every case presents different circumstances for the reviewing court to consider. Some cases involve extensive *Daubert* hearings; others involve limited hearings, or no hearings at all. The district court findings differ, with some courts expressing alternative bases

for the evidentiary decisions. Some cases involve the erroneous admission of evidence; others involve the erroneous exclusion of evidence. *Mukthar* and *Barabin*, for example, both concerned a district court's improper admission of evidence after failing to make necessary findings. The *Mukhtar* panel concluded that a limited remand for an evidentiary hearing would create an "undue risk of post-hoc rationalization." 319 F.3d at 1074. In *Christian*, however, we held that the district court improperly *excluded* expert testimony by applying the wrong standard, remanded for the application of the correct standard, but ordered a new trial regardless of the outcome of the re-examination. 749 F.3d at 813–14.

On the other hand, we have also held that "[i]f the reviewing court decides the record is sufficient to determine whether expert testimony is relevant and reliable, it may make such findings," and that if such a finding leaves insufficient evidence, the court "may direct entry of judgment as a matter of law." *Barabin II*, 740 F.3d at 467.

As in *Christian*, the case before us involves the exclusion of testimony without an express evaluation of its reliability, and all three judges on the panel concluded that conditionally vacating the verdict for an evidentiary hearing would be the "sensible procedure," *Ray*, 956 F.3d at 1161 (Watford, J., concurring), in part noting that the government had raised "very real reliability issues" with the proffered expert testimony, *id.* at 1160 (per curiam).

While some logic may support adopting a bright-line rule either requiring a new trial or requiring a limited remand, we are mindful that "[t]he life of the law has not been logic; it has been experience." Oliver Wendell Holmes, Jr., *The*

*Common Law* 1 (1881).  Different circumstances may require different remedies.

Fortunately, we are not presented with an inflexible binary choice between competing remedies.  The United States Code provides:

> The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

28 U.S.C. § 2106.

Thus, applying section 2106, we hold that when a panel of this Court concludes that the district court has committed a non-harmless *Daubert* error, the panel has discretion to impose a remedy "as may be just under the circumstances." *Id.*  Circumstances may require a new trial in some instances; circumstances may dictate a limited remand in others.  Of course, the discretion of a panel is not unfettered.  The normal rules of appellate review of evidentiary decisions still apply.  And nothing in our decision removes *Daubert*'s important gatekeeping function.  But our holding today restores *Daubert* errors to the usual realm of appellate review and remedy, rather than keeping them in a separate, special category.

To the extent that our prior case law—such as *Mukhtar*, *Barabin II*, and *Christian*—conflicts with this opinion, we overrule it.  We remand this case to the three-judge panel to apply its discretion in determining the appropriate remedy.

**REMANDED to the three-judge panel.**