NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50231 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 8:16-cr-00036-CJC-1 |
| NIKISHNA POLEQUAPTEWA, AKA Nikishna Numkina Myron, AKA Nikishua Numkina Myron, AKA Nikishna Numkina Polequaptewa, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 5, 2021
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and SIMON,[**] District Judge.

Nikishna Polequaptewa appeals from his jury conviction under 18 U.S.C.

§ 1030 for loss related to his deletion of files from his former employer's computer

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

and other accounts. Before trial, the district court denied Polequaptewa's motion to suppress the contents of his laptop, which he claims was seized during an unlawful search of his hotel room. On appeal, Polequaptewa challenges the district court's denial of his motion to suppress as well as the jury instructions. As the parties are familiar with the facts, we do not recount them here. We vacate the district court's denial of the motion to suppress and remand with instructions to conduct a new trial only if the district court grants the suppression motion on remand.

1. "The denial of [a] motion to suppress is reviewed de novo." *United States v. Magdirila*, 962 F.3d 1152, 1156 (9th Cir. 2020). "The district court's underlying factual findings are reviewed for clear error." *Id.*

The district court denied Polequaptewa's motion to suppress because he "lacks standing to object to the search and seizure" of a stolen laptop, in which he has no reasonable expectation of privacy. To have Fourth Amendment "standing" to "contest the legality of a search or seizure, the defendant must establish that he or she had a 'legitimate expectation of privacy' in the place searched *or* in the property seized." *United States v. Kovac*, 795 F.2d 1509, 1510 (9th Cir. 1986) (emphasis added) (citation omitted). While Polequaptewa may not have had a reasonable expectation of privacy in a stolen laptop, he did have a reasonable expectation of privacy in the hotel room from which it was allegedly illegally

2

seized.  *See Stoner v. California*, 376 U.S. 483, 490 (1964).  Therefore, under the Fourth Amendment exclusionary rule and "fruit of the poisonous tree doctrine," he has standing to object to the seizure of his laptop and the use of its contents against him as fruits of an allegedly illegal search of his hotel room.[1]

"It is well settled that evidence seized during an unlawful search cannot constitute proof against the victim of the search."  *Frimmel Mgmt., LLC v. United States*, 897 F.3d 1045, 1051 (9th Cir. 2018) (citation omitted).  The Supreme Court has expressly rejected the notion that a defendant must show an interest in the items seized by police during a search to establish standing.  *See Alderman v. United States*, 394 U.S. 165, 176-77 (1969) (holding that the victim of a warrantless search may object to the use of its fruits "not because he had any interest in the seized items as 'effects' protected by the Fourth Amendment, but because they were the fruits of an unauthorized search of his house, which is itself expressly protected by the Fourth Amendment").

Under the fruit of the poisonous tree doctrine, the exclusionary rule also extends to the contents of the laptop, regardless of whether Polequaptewa can establish a reasonable expectation of privacy in those contents.  "[T]he exclusionary rule encompasses both the primary evidence obtained as a direct

---

[1] Polequaptewa raised these arguments in his motion to suppress, so this does not constitute a "new ground[] for suppression on appeal," *Magdirila*, 962 F.3d at 1156, contrary to the government's argument.

3

result of an illegal search or seizure and . . . evidence later discovered and found to be derivative of an illegality, the so-called 'fruit of the poisonous tree.'" *Utah v. Strieff*, 136 S. Ct. 2056, 2061 (2016) (internal quotation marks and citation omitted); *see also Wong Sun v. United States*, 371 U.S. 471, 488 (1963) (ordering suppression of drugs illegally seized from a third party's house, in which defendant could not have had Fourth Amendment standing directly, as fruit of the poisonous tree). Our decision in *United States v. Wong*, 334 F.3d 831 (9th Cir. 2003), where we held that a defendant lacks standing with respect to the contents of a stolen laptop, is consistent with this principle and distinguishable from the instant case. In *Wong*, the laptop at issue had been abandoned prior to being seized and was searched pursuant to a warrant we deemed valid. *Id.* at 835, 839. The "tree" in *Wong* therefore could not have been "poisonous." *Id.* at 839.

The district court's error was not "harmless" because the government has not shown "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *United States v. Evans*, 728 F.3d 953, 959 (9th Cir. 2013) (citation omitted). Moreover, at trial, the government relied on evidence from the laptop to link the deletions on third-party servers to Polequaptewa.

Nonetheless, rather than order a new trial, we vacate the denial of the motion to suppress and remand with instructions to conduct a new trial only if the district

4

court ultimately suppresses the laptop evidence. *See United States v. Bacon*, 979 F.3d 766, 769-70 (9th Cir. 2020) (en banc); *United States v. Fomichev*, 899 F.3d 766, 773 (9th Cir.), *amended by* 909 F.3d 1078 (9th Cir. 2018). This court "has discretion to impose a remedy as may be just under the circumstances," including a limited remand, when it "cannot tell from the record whether the admission or exclusion was nevertheless correct on other grounds." *Bacon*, 979 F.3d at 767, 770 (internal quotation marks and citation omitted). Therefore, we remand for the district court to consider in the first instance whether the warrantless search of Polequaptewa's hotel room was unlawful.

2. "When a defendant does not object to jury instructions at trial, as here, we review those instructions for plain error." *United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005). The jointly proposed jury instructions here tracked the statutory language closely, and Polequaptewa cites no authority for his alternative reading of the statute, which departs from its plain language. *See* 18 U.S.C. § 1030(c)(4)(A)(i)(I), (c)(4)(B)(i). The district court thus did not plainly err in instructing the jury.

**VACATED AND REMANDED.**