******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

D'AURIA, J., with whom PALMER and MULLINS, Js., join, concurring. I agree with and join the majority opinion. In particular, I agree with the majority that the trial court improperly refused to conduct a hearing pursuant to *State* v. *Porter*, 241 Conn. 57, 80–90, 698 A.2d 739 (1997), cert. denied, 523 U.S. 1058, 118 S. Ct. 1384, 140 L. Ed. 2d 645 (1998), and that the inclusion of the contested expert evidence substantially affected the verdict. Specifically, I agree that the trial court abused its discretion by relying on the holding of *State* v. *Legnani*, 109 Conn. App. 399, 421, 951 A.2d 674, cert. denied, 289 Conn. 940, 959 A.2d 1007 (2008), to deny the defendant, Donald Raynor, a *Porter* hearing. Moreover, I agree that a separate trial court's ruling in *State* v. *Terrell*, Superior Court, judicial district of New Haven, Docket No. CR-17-0179563-S (March 21, 2019) (68 Conn. L. Rptr. 323), which has not been subject to appellate scrutiny, cannot save the trial court's ruling in the present case. See footnote 13 of the majority opinion and accompanying text. I write separately to raise an issue regarding the proper remedy in cases like this one in which the trial court improperly refuses to hold a *Porter* hearing. I believe there is an argument that this error can be cured by a limited remand for a *Porter* hearing, with the vacatur of the trial court's judgment following only if the trial court ultimately finds the contested expert evidence inadmissible.

This court previously has held that, when the trial court conducts a *Porter* hearing but abuses its discretion by admitting or precluding the expert evidence, the proper remedy is a new trial if the admission of the expert evidence substantially affected the verdict. See, e.g., *Maher* v. *Quest Diagnostics, Inc.*, 269 Conn. 154, 157 n.4, 182–83, 847 A.2d 978 (2004). The reason for such a remedy is logical: the record establishes that the inadmissible evidence infected the trial court's judgment. Likewise, this court also has remanded a case for a new trial when the trial court improperly refused to hold a *Porter* hearing at all, and the expert evidence substantially affected the verdict, although the court could not determine whether the evidence was inadmissible. See *Prentice* v. *Dalco Electric, Inc.*, 280 Conn. 336, 339, 907 A.2d 1204 (2006) ("We conclude that the testimony in question was scientific evidence that required a validity assessment designed to ensure reliability pursuant to our analysis in *Porter*. Accordingly, we reverse the judgment of the trial court and remand the case for a new trial."), cert. denied, 549 U.S. 1266, 127 S. Ct. 1494, 167 L. Ed. 2d 230 (2007). The reason for a new trial in this second scenario, however, is not as clear to me. This court has not had the opportunity to determine whether a different remedy is required.

In a future case, I would entertain an argument that, once an appellate court determines that the trial court improperly refused to conduct a *Porter* hearing and the contested expert evidence substantially affected the verdict, a new trial is not automatically the proper remedy but that, instead, we can direct the trial court on remand to hold the *Porter* hearing, even postjudgment. If the expert witness' methodology does not pass muster, then the trial court would have to vacate the conviction and order a new trial. If the methodology passes muster, however, the judgment of conviction would remain intact. After the *Porter* hearing, however, the defendant could appeal the trial court's ruling confirming the admissibility of the evidence.

I recognize, however, that it is not appropriate in the present case to address or decide this issue for two reasons. First, under current law, which neither party contests or asks us to overrule, this court has determined that a remand for a new trial is the proper remedy when the trial court improperly refused to hold a *Porter* hearing and the admission of the expert testimony substantially affected the verdict. Second, neither party has raised or briefed whether a remand for a *Porter* hearing is the appropriate remedy, before this court or the Appellate Court. I therefore agree with the majority's determination to remand the present case for a new trial.

I now turn to our case law. In *Prentice* v. *Dalco Electric*, *Inc.*, supra, 280 Conn. 345–47, a civil case, this court held that the trial court incorrectly determined that expert testimony by a mechanical and forensic engineer regarding the effect of wind conditions was not scientific, and, thus, the court improperly refused to conduct a *Porter* hearing. After determining that this error substantially affected the verdict, this court remanded the case for a new trial. Id., 359–61. My research has not turned up a criminal case from this court or the Appellate Court in which the trial court improperly refused to hold a *Porter* hearing and that error substantially affected the verdict, but it would have to follow that a new trial would be the remedy in criminal cases as well.[1]

Additionally, a remand for a new trial is the majority rule under jurisprudence regarding *Daubert* v. *Merrell Dow Pharmaceuticals*, *Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the federal analogue to *Porter*. See, e.g., *Dodge* v. *Cotter Corp.*, 328 F.3d 1212, 1229 (10th Cir.) (when trial court fails to conduct *Daubert* hearing, proper remedy is new trial, not remand for *Daubert* hearing), cert. denied, 540 U.S. 1003, 124 S. Ct. 533, 157 L. Ed. 2d 408 (2003); cf. *Goebel* v. *Denver & Rio Grande Western Railroad Co.*, 215 F.3d 1083, 1089 (10th Cir. 2000) (explaining that, when trial court fails to conduct *Daubert* hearing, there are two possible remedies: new trial, or, if record is sufficient to deter-

mine reliability, appeals court may undertake its own *Daubert* analysis).

There is at least one court that has recognized that a limited remand for a *Porter* hearing may be the proper remedy in certain instances, however. See *United States* v. *Bacon*, 979 F.3d 766, 770 (9th Cir. 2020) (en banc) (overruling prior case law that required reviewing court to remand case for new trial if trial court improperly failed to hold *Daubert* hearing and holding instead that, "when a panel of [the Ninth Circuit] concludes that [a] district court has committed a [nonharmless] *Daubert* error, the panel has discretion to impose a remedy 'as may be just under the circumstances,' " including ordering limited remand); see *United States* v. *Bacon*, 829 Fed. Appx. 247, 248 (9th Cir. 2020) (directing District Court on remand to conduct whatever proceedings it deems appropriate to determine whether expert testimony was admissible pursuant to *Daubert*); see also *Estate of Barabin* v. *AstenJohnson, Inc.*, 740 F.3d 457, 468–69 (9th Cir.) (Nguyen, J., concurring in part and dissenting in part) (questioning majority's remedy of new trial and urging conditional vacating of judgment and remand to District Court to conduct *Daubert* determination in first instance), cert. denied, 574 U.S. 815, 135 S. Ct. 55, 190 L. Ed. 2d 30 (2014); *Estate of Barabin* v. *AstenJohnson, Inc.*, supra, 471, (Nguyen, J., concurring in part and dissenting in part) (remand for *Daubert* hearing is better remedy because it does not unreasonably burden judicial system by requiring new trial and because, in absence of *Daubert* hearing, reviewing court cannot determine whether expert testimony was inadmissible and, thus, cannot conduct harmless error analysis). In the present case, the trial court erred by failing to exercise its discretion. A limited remand for a *Porter* hearing could remedy that error, requiring a new trial only if the expert witness' methodology does not pass muster. This procedure may be a more efficient use of judicial resources than requiring new trials in all cases involving the improper refusal to conduct a *Porter* hearing. "If the disputed expert testimony was admissible pursuant to . . . [*Porter*], despite the [trial] court's failure to fulfill its gatekeeping function, then no harm, no foul. On the other hand, if the testimony was inadmissible, *then* a . . . [new trial would be required]." (Emphasis added.) *Estate of Barabin* v. *AstenJohnson, Inc.*, supra, 469 (Nguyen, J., concurring in part and dissenting in part).

For similar efficiency reasons, this court has employed this exact procedure to remedy errors in other criminal cases that are at least arguably analogous. For example, in *State* v. *Jarzbek*, 204 Conn. 683, 684, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988), a case involving sexual abuse of a minor victim, the state requested and was granted permission to exclude the defendant from the witness room during the videotaping of the minor

victim's testimony. After a jury found the defendant guilty, he appealed, arguing that this violated his constitutional right to confrontation. Id., 690. This court held that, "in criminal prosecutions involving the alleged sexual abuse of children of tender years, the practice of videotaping the testimony of a minor victim outside the physical presence of the defendant is, in appropriate circumstances, constitutionally permissible" but that the trial court first "must determine, at an evidentiary hearing, whether the state has demonstrated a compelling need for excluding the defendant from the witness room during the videotaping of a minor victim's testimony." Id., 704. Because the trial court did not conduct this hearing prior to granting the state's request, this court remanded the case for an evidentiary hearing, explaining that, "[i]f the [trial] court concludes that the state has not met its burden of proving such a need by clear and convincing evidence, the defendant is entitled to a new trial from which the videotaped testimony of [the victim] must be excluded. If the court concludes that the state has met its burden, the defendant's conviction must stand, subject to any further appeal by the defendant to this court concerning the validity of the trial court's ruling on this issue." Id., 708.

Similarly, when this court has determined that the trial court improperly failed to conduct or apply the proper standard for a competency hearing, this court has remanded the case for a competency hearing and required a new trial only if the trial court determines on remand that the defendant was incompetent to stand trial at the time of the trial. See *State* v. *Connor*, 292 Conn. 483, 528–29, 533, 973 A.2d 627 (2009). Likewise, this court has determined that, when the trial court improperly failed to conduct a hearing pursuant to *Batson* v. *Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), and the circumstances surrounding the voir dire can be reconstructed, a limited remand for a *Batson* hearing is the appropriate remedy, not a new trial. See *State* v. *Rigual*, 256 Conn. 1, 12–13, 771 A.2d 939 (2001). Additionally, this court has remanded cases for hearings pursuant to *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), conditioning the need for any new trial on the outcome of the *Brady* hearing. See *State* v. *Pollitt*, 205 Conn. 132, 134–37, 531 A.2d 125 (1987).[2]

In these cases, a reversal of the conviction followed only if the trial court on remand found that reversible error occurred. This is not unlike ordering a trial court to make findings by way of an articulation while an appeal is pending in our court, the only difference being that, procedurally, we would actually remand the matter rather than simply order an articulation. Even the rules for articulations prompted by a party's motion contemplate situations in which a trial court might take further evidence. See Practice Book § 66-5 ("[i]f any party requests it and it is deemed necessary by the trial court,

the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved").

There might be contrary arguments I have not considered. But the state and the public have an interest in preserving convictions otherwise fairly arrived at. In light of the case law previously discussed, I would entertain an argument in a future case that such a procedure should be undertaken when the trial court improperly refuses to conduct a *Porter* hearing. Until a *Porter* hearing is held, we do not know if the defendant's trial was tainted and, thus, do not know whether a new trial is required.

Nevertheless, in light of our current law and the fact that the appropriate scope of the remedy has not been argued by the parties, I agree with the majority that we must remand the present case for a new trial.

[1] This is supported by this court's recent decision in *State* v. *Edwards*, 325 Conn. 97, 133–34, 156 A.3d 506 (2017), in which we held that the trial court improperly refused to hold a *Porter* hearing but that this failure was harmless, as it did not substantially affect the verdict. Nevertheless, in discussing the applicable standard of review and legal principles, we stated that a new trial would be required only if the defendant showed that the error substantially affected the verdict, citing to cases involving improper evidentiary rulings that did not involve *Porter*. Id., 123 (" '[i]f we determine that a court acted improperly with respect to the admissibility of expert testimony, we will reverse the trial court's judgment and grant a new trial only if the impropriety was harmful to the appealing party' "); id. (quoting *Weaver* v. *McKnight*, 313 Conn. 393, 405, 97 A.3d 920 (2014), which involved trial court's improper exclusion of expert testimony on ground that experts lacked sufficient qualifications). This at least suggests that a remand for a new trial would have been the proper remedy under current law if the defendant had proven harm.

[2] In *State* v. *Snook*, 210 Conn. 244, 555 A.2d 390, cert. denied, 492 U.S. 924, 109 S. Ct. 3258, 106 L. Ed. 2d 603 (1989), this court explained that it has "on several occasions remanded a case for the limited purpose of conducting an evidentiary hearing necessary for appellate review of a claim. See, e.g., *State* v. *Badgett*, 200 Conn. 412, 433–34, 512 A.2d 160 [(remanding case for factual hearing to determine whether illegally discovered evidence was admissible under recently articulated inevitable discovery rule), cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986)]; *State* v. *Pollitt*, 199 Conn. 399, 415–16, 508 A.2d 1 (1986) (remanding case for factual hearing to determine whether state suppressed exculpatory evidence); cf. *State* v. *Garrison*, 199 Conn. 383, 388–89, 507 A.2d 467 (1986) ([when] court [was] unable to determine from record whether state established defendant's guilt beyond reasonable doubt, court ordered remand for further articulation of trial court's grounds for rejecting defendant's defenses)." *State* v. *Snook*, supra, 254.