NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROY PAYAN; PORTIA MASON; NATIONAL FEDERATION OF THE BLIND; NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, <br><br> Plaintiffs-Appellees/Cross-Appellants, <br><br> v. <br><br> LOS ANGELES COMMUNITY COLLEGE DISTRICT, <br><br> Defendant-Appellant/Cross-Appellee. | Nos. 19-56111 <br> 19-56146 <br><br> D.C. No. <br> 2:17-cv-01697-SVW-SK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 12, 2021
Submission Vacated February 16, 2021
Resubmitted August 17, 2021
Pasadena, California

Before: TALLMAN, CALLAHAN, and LEE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge LEE

Defendant-Appellant Los Angeles Community College District ("LACCD")

appeals the final judgment and permanent injunction entered against it following

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

bench and jury trial verdicts finding it had systemically discriminated against blind students at its Los Angeles City College ("LACC") campus in violation of Section 504 of the Rehabilitation Act of 1973 ("Section 504") and Title II of the Americans with Disabilities Act ("ADA"). Plaintiffs-Appellees, Roy Payan, Portia Mason, the National Federation of the Blind, Inc. ("NFB"), and the National Federation of the Blind of California, Inc. ("NFB-CA") (together, "Plaintiffs") conditionally cross-appeal the district court's denial of a jury trial on certain issues of liability. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part; reverse in part; vacate the judgment and injunctive orders; and remand for further proceedings.[1]

1.      As a threshold matter, LACCD seeks judicial notice of approximately 800 pages of evidence which was not presented to the district court. We decline to notice these exhibits under Fed. R. Evid. 201 because they are "not factored into the record on appeal." *Ctr. for Bio-Ethical Reform, Inc. v. City & County of Honolulu*, 455 F.3d 910, 913 n.3 (9th Cir. 2006). Moreover, LACCD's motion requests notice of the contents of these exhibits to decide contested issues of fact, which is not an appropriate invocation of the rule. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

---

[1]      We explain separately, in a contemporaneously filed published opinion, the district court's error in construing the applicable disability discrimination laws.

**2.** LACCD contends that neither NFB nor NFB-CA had organizational standing to sue in this matter. We review questions of standing de novo and underlying factual findings for clear error. *Preminger v. Peake*, 552 F.3d 757, 762 n.3 (9th Cir. 2008) (citations omitted).

The district court found that NFB and NFB-CA both had organizational standing to sue. To prove organizational standing, a party bears "the burden of demonstrating that (1) [it has] suffered an injury-in-fact, meaning that the injury is 'concrete and particularized' and 'actual and imminent,' (2) the alleged injury is 'fairly traceable' to the defendants' conduct, and (3) it is 'more than speculative' that the injury is judicially redressable." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 662–63 (9th Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). The district court clearly erred by finding that NFB had diverted its resources to combatting accessibility barriers at LACCD without tying NFB's expenditure of resources to any specific conditions at LACC. *See El Rescate Legal Servs., Inc. v. Exec. Office of Immigr. Rev.*, 959 F.2d 742, 748 (9th Cir. 1991). However, the district court appropriately determined that NFB-CA's advocacy surrounding specific accessibility barriers at LACC was a diversion of resources sufficient to support organizational standing. *Id.*

Alternatively, the district court found both NFB and NFB-CA had associational standing to sue. "[A]n association has standing to bring suit on

3

behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). LACCD challenges only this third element, which is generally satisfied when the associational plaintiff seeks prospective relief for the benefit of its members. *Warth v. Seldin*, 422 U.S. 490, 515 (1975). Because both NFB and NFB-CA sought injunctive relief for their members, the district court correctly determined that both entities satisfied the third prong of the *Hunt* test. *Id.* Accordingly, both NFB and NFB-CA have standing to sue in this case.

3. LACCD challenges the district court's grant of partial summary judgment on two specific grounds: that the court improperly weighed disputed issues of fact and that it applied an incorrect burden-shifting framework to Plaintiffs' disparate impact claims. We review this challenge de novo. *White v. City of Sparks*, 500 F.3d 953, 955 (9th Cir. 2007) (citation omitted). LACCD's specific arguments are not supported by the record and do not establish error in the district court's partial grant of summary judgment. However, as explained separately in our published opinion, the district court erred in its analysis of the relevant disability law on summary judgment and is instructed to reconsider the

4

matter on remand as informed by the analysis in our published opinion.

**4.** LACCD contends the district court erred by failing to rule on its *Daubert* motions and by finding LACCD's expert submitted a sham affidavit. We review for abuse of discretion the district court's consideration of expert testimony and its sham affidavit finding. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999); *Yeager v. Bowlin*, 693 F.3d 1076, 1079 (9th Cir. 2012).

LACCD filed *Daubert* objections to Plaintiffs' two experts, Peter Bossley and John Gunderson, which the district court never explicitly ruled on. This failure to engage in the *Daubert* gatekeeping inquiry was an abuse of discretion. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1189 (9th Cir. 2019) (citation omitted); *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). Plaintiffs bear the burden of proving the harmlessness of this error. *Ruvalcaba-Garcia*, 923 F.3d at 1190. Because the district court's bench trial findings and injunctive order rely heavily on Bossley's opinions, and because Plaintiffs did not specifically argue the harmlessness of the failure to evaluate Gunderson's opinion, we cannot conclude that the error here was harmless. We thus have "discretion to impose a remedy 'as may be just under the circumstances.'" *United States v. Bacon*, 979 F.3d 766, 770 (9th Cir. 2020) (en banc) (citation omitted). Because other errors in this case warrant remand for further proceedings, we instruct the district court to also complete the appropriate *Daubert* inquiry on remand. *See id.*

at 768 (citing *Est. of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014) (en banc)).

The district court did not abuse its discretion in determining that LACCD's expert submitted a sham affidavit. The district court made factual findings that the contradiction in LACCD's expert's affidavit was a sham because the inconsistency between her deposition testimony and her affidavit was clear and unambiguous and not otherwise attributable to a misunderstanding or changed circumstances. This satisfied the district court's obligation to complete the requisite inquiry before invoking the sham affidavit rule. *Yeager*, 693 F.3d at 1080 (citation omitted).

5. LACCD contends the district court erred by permitting Plaintiffs to pursue money damages for their deliberate indifference claims. We review this argument de novo. *Molski v. Foley Ests. Vineyard & Winery, LLC*, 531 F.3d 1043, 1046 (9th Cir. 2008). "To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," which is measured by a "deliberate indifference" standard. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138–39 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (footnote and citation omitted). LACCD argues that the "deliberate indifference" standard is inconsistent with the "thoughtless indifference" that disparate impact claims are meant to remedy. But this argument has no basis in our precedent which has long recognized that money damages are

6

recoverable for intentional violations of both the ADA and Section 504. *See Alexander v. Choate*, 469 U.S. 287, 295 (1985); *Duvall*, 260 F.3d at 1138.

6.      LACCD contends the district court's bench trial findings were clearly erroneous. We review the district court's factual findings for clear error and its legal conclusions de novo. *Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1009 (9th Cir. 2012) (citations omitted). Because the district court erred in construing the appropriate legal scope of Plaintiffs' disability discrimination claims, thus requiring remand for a new trial, we decline to address many of LACCD's specific assignments of error. We note, however, that the district court erred in holding LACCD liable for accessibility barriers in the LACC library research databases based on "self-evident principles," despite making an explicit finding that Plaintiffs failed to carry their burden of proof to show that reasonable modifications existed to remedy these accessibility barriers.

7.      LACCD contends the district court's permanent injunction was overly broad. We agree. We review the permanent injunction for abuse of discretion. *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 965 (9th Cir. 2017) (citation omitted). The injunction's provisions regarding the library databases, for example, constituted an abuse of discretion because Plaintiffs failed to meet their burden of proof regarding the existence of reasonable modifications to those databases. Because we remand this case for reconsideration of Plaintiffs' disability

7

discrimination claims, we similarly vacate the entire injunction and remand for reconsideration of Plaintiffs' requested injunctive relief in light of the findings on retrial.

**8.** Plaintiffs contend on cross-appeal that the district court erred by denying plaintiffs a jury trial on issues of liability. We agree. We review this issue de novo. *Smith v. Barton*, 914 F.2d 1330, 1336 (9th Cir. 1990) (citation omitted). The district court denied Plaintiffs' request for a jury trial on all but the "deliberate indifference" and damages components of their claims. This was error. Because the individual plaintiffs sought money damages on their disability discrimination claims, they were entitled to a jury trial on these claims under the Seventh Amendment. *Id.* at 1337–38. On remand, the district court is instructed to permit Plaintiffs to try their disability discrimination claims to a jury.

**AFFIRMED in part; REVERSED in part; VACATED in part; and REMANDED for retrial. LACCD's Motion for Judicial Notice (ECF No. 28) is DENIED. Each party is to bear its own costs.**



*Payan v. Los Angeles Community College District*, No. 19-56111

LEE, Circuit Judge, concurring-in-part and dissenting-in-part:

I agree with the majority except that I do not believe that disparate impact is available under Section 504 of the Rehabilitation Act or Title II of the ADA.