**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUMOTEXT CORP.,

Plaintiff-Appellant,

v.

ZOOVE, INC., DBA Starstar Mobile; et al.,

Defendants-Appellees.

No.   20-17245

D.C. No. 5:16-cv-01370-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted October 22, 2021[**]
San Francisco, California

Before: BADE and BUMATAY, Circuit Judges, and SESSIONS,[***] District
Judge.

Sumotext Corp. appeals the district court's dismissal of Mblox, Inc. at the

pleadings stage and the district court's entry of judgment, after a jury trial, in favor

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

of Zoove, Inc., Virtual Hold Technology, LLC ("VHT"), StarSteve, LLC, and VHT StarStar, LLC (collectively, the "Joint Defendants"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly dismissed Sumotext's claims against Mblox under §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2. To withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Sumotext's complaint had to plead "enough facts to state a claim to relief that [was] plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a § 1 claim, Sumotext needed to plead evidentiary facts establishing (1) an agreement or conspiracy, (2) to harm or restrain trade, (3) which injured competition. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). To state a plausible claim under § 2, Sumotext had to allege "(1) the existence of a combination or conspiracy to monopolize; (2) an overt act in furtherance of the conspiracy; (3) the specific intent to monopolize; and (4) causal antitrust injury." *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003).

Sumotext's complaint is devoid of evidentiary facts which, if true, would establish that Mblox joined a conspiracy to restrain trade. Sumotext argues that a letter of intent executed by Mblox and StarSteve is "direct evidence" that Mblox entered an anticompetitive agreement. But the terms that Sumotext complains of were part of a "proposal" for a "Possible Acquisition," and nothing suggests that

2

those terms were incorporated into a definitive agreement or that Mblox otherwise agreed to be bound by them. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."). Mblox's decision to assign its contracts to Zoove and then sell the company to VHT could just as easily suggest a lawful, arms-length transaction as it could an illegal conspiracy. *See Kendall*, 518 F.3d at 1049 ("Allegations of facts that could just as easily suggest rational, legal business behavior by the defendants as they could suggest an illegal conspiracy are insufficient to plead a violation of the antitrust laws."). And Sumotext's allegation that Mblox engaged in a horizontal restraint on trade does not save its claim from dismissal. *See William O. Gilley Enters., Inc. v. Atl. Richfield, Co.*, 588 F.3d 659, 663 (9th Cir. 2009) ("Whether a plaintiff pursues a per se claim or a rule of reason claim under § 1, the first requirement is to allege a contract, combination in the form of trust or otherwise, or conspiracy." (internal quotation marks omitted)).

Sumotext's § 2 claim is also deficient because the complaint does not adequately allege that Mblox joined a conspiracy to monopolize. Sumotext baldly alleges that Mblox "joined, furthered, [and] profited from a Conspiracy to monopolize the national Market for dial codes." But the complaint is "devoid of further factual enhancement," and thus fails to "state a claim to relief that is

plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Sumotext's arguments against dismissal are not well taken. Sumotext contends "the district court failed to even address [its] separate § 2 allegations," but this contention is baseless. The district court addressed both of Sumotext's antitrust claims against Mblox and dismissed the claims because Sumotext "failed to allege facts showing that Mblox joined the alleged conspiracies." Sumotext's argument suggesting Mblox withdrew from the alleged conspiracy misconstrues the district court's order. The district court did not assess whether Mblox withdrew from an alleged conspiracy to monopolize; instead, the district court correctly found that Sumotext did not allege facts showing that Mblox joined the alleged conspiracy in the first place. Therefore, dismissal of Sumotext's claims against Mblox was warranted.

2. The district court applied the correct legal standard when resolving Sumotext's motion to exclude the testimony of Debra Aron, Ph.D., the Joint Defendants' expert witness. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) (en banc). To satisfy Rule 702, expert testimony must be relevant and reliable. *Id.* The district court acknowledged these requirements and performed a "flexible inquiry" because

4

"Sumotext's challenges [were] not framed in terms of the four factors discussed in *Daubert*." *See Wendell v. GlaxoSmithKline LLC*, 858 F.3d 1227, 1232 (9th Cir. 2017) (noting the Rule 702 "inquiry is flexible" and "should be applied with a liberal thrust favoring admission" (internal quotation marks omitted)). The district court therefore applied the correct legal standard when resolving Sumotext's motion to exclude.

The district court did not abuse its discretion in finding Dr. Aron's testimony to be sufficiently reliable. *Barabin*, 740 F.3d at 460 (reviewing the admission of expert testimony for an abuse of discretion). Dr. Aron's testimony had a "reliable basis in the knowledge and experience of [her] discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 148 (1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993)). She formed her opinions based on a variety of sources, including industry publications and industry executives' deposition testimony.

Even assuming the district court abused its discretion by failing to make an express relevancy finding, the error was harmless. *See United States v. Jawara*, 474 F.3d 565, 583 (9th Cir. 2007). Dr. Aron's testimony did not prejudice Sumotext because "it is more probable than not that the jury would have reached the same verdict even if the evidence had not been admitted." *Barabin*, 740 F.3d at 465 (quoting *Jules Jordan Video, Inc. v. 144942 Can. Inc.*, 617 F.3d 1146, 1159

5

(9th Cir. 2010)).  Moreover, "the record shows that [Dr. Aron's] testimony satisfied the requirements for admission." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019) (internal quotation marks omitted).  Expert testimony is relevant if "it logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1315 (9th Cir. 1995).  By highlighting alleged flaws in Dr. Sullivan's methodology and market definitions, Dr. Aron's testimony undermined Sumotext's antitrust claims and "logically advance[d]" the Joint Defendants' defense. *Id.*  Her testimony thus clears relevancy's low bar. *Messick v. Novartis Pharms. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014).

We also reject Sumotext's argument that Dr. Aron improperly testified as a summary witness.  "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703.  Dr. Aron formed her opinions based on, inter alia, her experience as an economist, her review of customer data and financial data provided by the parties, independent industry research, and her review of deposition testimony.  Synthesizing that information, Dr. Aron criticized Dr. Sullivan's opinions.  Dr. Aron did not simply repeat testimony offered by lay witnesses at trial.  Accordingly, the district court

did not commit reversible error.[1]

3.     The district court properly required Sumotext to prove by a preponderance of the evidence a relevant antitrust market.  Sumotext challenges the application of the burden of proof on three grounds, none of which are persuasive.  First, Sumotext's argument that the district court required it "to prove the existence of the relevant market circumstantially" is belied by the record.  The district court instructed the jury to consider both direct and circumstantial evidence, and Sumotext presented what it describes as "direct evidence" of harm to competition and supracompetitive prices to the jury.

Second, Sumotext contends "the district court erroneously heightened [its] burden of proof" by "making the relevant market definition a threshold issue at trial."  We construe this argument as a challenge to the jury instructions and verdict form and conclude that Sumotext waived its objections.  Sumotext stipulated to a jury instruction that stated it was Sumotext's "burden to prove the existence of a relevant market," and Sumotext proposed the verdict form that listed the relevant market definitions as threshold questions.  Consequently, Sumotext waived review of its challenges to the jury instruction and verdict form.  *See Crowley v. Epicept*

---

[1]     Sumotext identifies three objections that it made at trial, but it does not develop an argument based on those objections.  We conclude that Sumotext has abandoned the issue, and our refusal to review the issue will not result in manifest injustice.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *see also* Fed. R. App. P. 28(a)(8)(A).

7

*Corp.*, 883 F.3d 739, 748 (9th Cir. 2018) (per curiam) ("Waiver of a jury instruction occurs when a party considers the controlling law . . . and, in spite of being aware of the applicable law, proposed or accepted a flawed instruction." (internal quotation marks omitted)); *see also United States v. Reed*, 147 F.3d 1178, 1180 (9th Cir. 1998) ("Verdict forms are, in essence, instructions to the jury.").

Sumotext's third argument—that the district court "heightened [its] burden of proof by requiring it to disprove a scattershot of economic theories asserted without economic evidence or expert foundation"—fares no better. An antitrust plaintiff generally bears the burden of proving a relevant market. *See Ohio v. Am. Express Co.*, 138 S. Ct. 2274, 2284–85 (2018). A "relevant market is defined as the area of effective competition." *Id.* at 2285 (internal quotation marks omitted). It includes "the product at issue as well as all economic substitutes for the product." *Newcal Indus., Inc. v. Ikon Off. Sol.*, 513 F.3d 1038, 1045 (9th Cir. 2008) (citing *Brown Shoe Co. v United States*, 370 U.S. 294, 325 (1962)). Sumotext's expert, Dr. Sullivan, offered two market definitions, both narrowly construed to include only StarStar numbers. The Joint Defendants called witnesses at trial who testified about various products that compete with StarStar numbers and criticized Dr. Sullivan's market definitions. The district court properly allowed the Joint Defendants to rebut Dr. Sullivan's opinion. We reject Sumotext's attempt to disclaim its burden of proof.

4.     The jury's verdict is supported by substantial evidence. *See Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002) ("A jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion."). The jury found that Sumotext failed to prove by a preponderance of the evidence a relevant market for leasing or servicing StarStar numbers in the United States. Testimony from industry executives provided substantial evidence showing that the relevant markets were broader than Sumotext proposed. Dr. Aron's testimony criticizing Dr. Sullivan's market definitions, as well as his methodology, provided additional support for the jury's verdict. *See Humetrix, Inc. v. Gemplus S.C.A.*, 268 F.3d 910, 919 (9th Cir. 2001) ("Authority to determine the victor in such a 'battle of expert witnesses' is properly reposed in the jury."). Thus, because the jury's verdict is supported by substantial evidence, it must stand.

5.     The district court did not abuse its discretion in denying Sumotext's motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure. *Flores v. City of Westminster*, 873 F.3d 739, 755–56 (9th Cir. 2017) (reviewing a "district court's denial of a motion for new trial for abuse of discretion"). When evaluating Sumotext's Rule 59 motion, the district court properly weighed the evidence presented at trial, including expert testimony, evidence of price increases, evidence of reduced output, evidence of excluded competitors, and other

9

restraining factors. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (noting that when assessing a "Rule 59 motion of the party against whom a verdict has been returned, the district court has the duty . . . to weigh the evidence as [the court] saw it" (alterations in original) (internal quotation marks omitted)). After conducting a thorough analysis, the district court concluded that the jury's verdict was not against the clear weight of the evidence. *Flores*, 873 F.3d at 748 ("We will grant a new trial only if the verdict is against the clear weight of the evidence, and not simply because the evidence might have led us to arrive at a different verdict."). Sumotext has not demonstrated that this decision was "a plain error, discretion exercised to an end not justified by the evidence," or "clearly against the logic and effect of the facts as are found." *Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 977 (9th Cir. 2003) (internal quotation marks omitted).

**AFFIRMED.**