**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10234 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 3:18-cr-08126-SPL-1 |
| | 3:18-cr-08126-SPL |
| JAIME CALDERON, AKA Jaime Arredonde, AKA Jaime Rene Calderon, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 19, 2021
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,** International Trade Judge.

Jaime Calderon challenges his convictions for multiple counts of aiding and

abetting possession of heroin with intent to distribute in violation of 21 U.S.C.

§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. We affirm.

_____

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

**1.** Calderon contends that the district court committed reversible error by admitting the expert testimony of Special Investigator Adrian Garcia without making an express reliability finding. A district court "necessarily abuses its discretion" when it makes no reliability finding pursuant to its gatekeeping function under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020). Because the district court failed to make the required reliability finding, we must determine whether this error was harmless.

To establish harmlessness, the government must show either that (1) the record below establishes that the admitted testimony was relevant and reliable under *Daubert*, or (2) it is more probable than not that the jury would have reached the same verdict absent the evidence. *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190 (9th Cir. 2019). The government has made both showings here.

First, the record establishes that Garcia's testimony had "a reliable basis in the knowledge and experience of the relevant discipline." *Id.* (quoting *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (en banc), *overruled on other grounds by United States v. Bacon*, 979 F.3d 766 (9th Cir. 2020) (en banc)). Garcia's testimony explaining the role and usage of cell phones in prison was adequately supported by evidence in the record about his qualifications, knowledge, and experience, which included approximately 30

criminal investigations, hundreds of interviews related to the introduction of contraband into prisons, and thousands of prison cell searches. *See United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). Second, it is more probable than not that the jury would have reached the same verdict absent the evidence. Garcia's brief testimony did not concern the central issue at trial, identification of Calderon's voice on the recorded phone calls. *See Valencia-Lopez*, 971 F.3d at 902. Given the evidence presented on that issue, the jury would likely have convicted Calderon even if Garcia had not testified. We thus conclude that the district court's error was harmless.[1]

**2.** Calderon next argues that the district court erred by prohibiting all independent research concerning prospective and seated jurors. Because Calderon again did not object below, despite having ample opportunity to do so, we review only for plain error. Although we have concerns about the breadth of the district court's order, we find no plain error because Calderon has not shown that the district court's order affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993). The parties submitted joint voir dire questions that

---

[1] Calderon argues alternatively that he was not provided with the required notice regarding the scope of Garcia's testimony. The testimony to which Calderon objects emerged on re-direct, following cross-examination. There was no objection to this testimony when it emerged below, so we review for plain error. *See United States v. Blueford*, 312 F.3d 962, 974 (9th Cir. 2002). We find no plain error here because Garcia's testimony fell within the scope of the notice provided by the government.

the district court asked of prospective jurors, neither party was prohibited from asking follow-up questions about any topic, and no challenges for cause were denied. Nor does Calderon allege that any of the jurors who were ultimately seated were biased or partial. Because any harm resulting from the district court's order is entirely speculative, Calderon has failed to demonstrate that his substantial rights were affected.

3. Calderon is not entitled to relief based on alleged prosecutorial misconduct. Calderon contends that the government committed misconduct in relying on allegedly false testimony by Detective Roe. At trial, Roe testified about a prior interaction he had with Calderon in 2013 or 2014. Calderon asserts that this testimony was false because he was incarcerated during part of this period. To prevail on this claim, Calderon must establish that: (1) the testimony was actually false; (2) the government knew or should have known the testimony was false; and (3) the testimony was material. *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011). The testimony at issue fails the first prong of this test, as the date range was offered as an approximation and spanned a period in which the interaction between Calderon and Roe could have occurred. *See United States v. Renzi*, 769 F.3d 731, 752 (9th Cir. 2014).

4. Finally, the district court did not err in denying Calderon's motion to dismiss for lack of jurisdiction. We have previously held that the drug-trafficking

laws under which Calderon was convicted represent a valid exercise of Congress's authority under the Commerce Clause. *United States v. Tisor*, 96 F.3d 370, 374–75 (9th Cir. 1996).

**AFFIRMED.**